482 P.2d 470

Clyde Alvin BEST, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Kennecott Copper Corporation, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 494.

Court of Appeals of Arizona, Division 1, Department B.

March 18, 1971.

Bernard I. Rabinovitz, Tucson, for peti-tioner.

Fennemore, Craig, von Ammon & Udall by Silas H. Shultz and Michael Preston Green, Phoenix, for respondent employer.

William C. Wahl, Jr., Counsel, Donald L. Cross, Former Chief Counsel, Phoenix, for The Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, Phoenix, for State Compensation Fund.

HAIRE, Judge.

On this review of an Industrial Commission award we are required to determine whether the Industrial Commission correctly held that it lacked jurisdiction to hold a hearing because of the employee's alleged failure to timely seek review of the carrier's denial of a petition to reopen. Omitting facts not pertinent to the question raised, the Industrial Commission's claims file shows that the petitioning employee had suffered a compensable injury in 1962 which culminated in an award finding no permanent disability. Thereafter on May 14, 1969 the employee filed a petition to reopen[1] with the Industrial Commission. The Commission then notified the repondent carrier, the State Compensation Fund, of the filing of the petition to reopen. Under A.R.S. § 23–1061, subsec. I, within fourteen days after the date of the notice received from the Commission the carrier is required to "* * * in writing notify the commission and the employee * * * of its acceptance or denial of the petition."

On May 23, 1969 the carrier mailed to the petitioner a "Notice of Claims Status" which the carrier contends constituted an effective communication to petitioner that his petition to reopen had been denied. On the other hand, petitioner contends that the May 23, 1969 "Notice of Claims Status" was contradictory and ambiguous, and therefore not sufficient to advise him of the denial of his petition to reopen.

If the carrier's contention is upheld, then petitioner must fail in this review because he admittedly did not file his

1. Petitions to reopen filed subsequent to December 31, 1968, even though relating to pre-1969 injuries, are governed by the procedural provisions of the Workmen's Compensation Act as amended effective January 1, 1969. See A.R.S. § 23–1270.

request for hearing with the Industrial Commission until December 12, 1969, well beyond the expiration of the sixty day limit for requesting such a hearing set forth in A.R.S. § 23–947. *See* Parsons v. Industrial Commission, 14 Ariz.App. 218, 482 P.2d 467, filed March 18, 1971. We have decided that the notice here involved was not sufficient to put petitioner on notice that his petition to reopen had been definitely denied so as to commence the running of the sixty day period prescribed by § 23–947.

The "Notice of Claims Status" form which was used by the respondent carrier is a form approved by the Industrial Commission for carrier use (Form 41–104). It is a form designed to cover several possible situations, set forth in eight numbered paragraphs, with boxes to be checked by the carrier to indicate the action being taken in the disposition of the workman's claim. The only paragraphs pertinent to our consideration here are paragraphs 7 and 8, which in the notice sent to petitioner were as follows:

"☒ 7. Petition to reopen:
☐ A. Accepted.
☒ B. Denied.
☒ 8. Other.

"Examination on investigative basis being scheduled with either John Eisenbeiss, M.D. or William Helme, M.D. You will be sent a notice of appointment.

"NOTICE TO CLAIMANT:

"If you are aggrieved by this notice you may apply for a hearing by filing a written application at any office of the Industrial Commission of Arizona within sixty (60) days after the date of mailing of this notice."

It will be noted that while paragraph 7B indicates that the petition to reopen

is being denied, paragraph 8 advises the petitioner that an appointment for a medical examination is being scheduled for him. Objectively, this provision in paragraph 8 is inconsistent with an interpretation that the carrier had made at that time a final determination to deny the petition to reopen. If a final decision to deny had been made, then from petitioner's viewpoint there would be no reason for the further medical investigation. Three days later, on May 26, 1969, the Commission mailed to petitioner a notice of his appointment for the medical examination. This notice stated in part as follows:

"Your claim is presently closed. The sole purpose of this examination is to determine whether you have new or additional disability which would allow your case to be reopened.

"This Commission has arranged an appointment for you to be examined by W. B. Helme, M.D. Purpose: diagnosis of present condition; opinion as to relationship of disability to injury of 4–18–62; opinion re working ability; final evaluation if condition stationary or recommendations for further medical treatment if indicated."

We think that a reasonable interpretation of the language used in this notice of appointment is that the examination is part of an investigation to determine whether petitioner's case would be reopened.

Under these circumstances we do not believe that the May 23, 1969 notice of claims status was sufficient to put petitioner on notice that his petition to reopen had been finally denied by the carrier.

▮▮ We are aware that the doctrine of *res judicata* applies to awards of the Industrial Commission,[2] and, in view of the provisions of A.R.S. § 23–947 we are of the opinion that this doctrine of finality is equally applicable to a carrier's notice

---

2. *See* Russell v. Industrial Commission, 104 Ariz. 548, 456 P.2d 918 (1969) ; Martinez v. Industrial Commission, 97 Ariz. 275,

399 P.2d 678 (1965) ; Smith v. Industrial Commission, 79 Ariz. 18, 281 P.2d 797 (1955).

·of denial of liability when there is no ·timely request for a hearing relating there-·to. Parsons v. Industrial Commission, *supra*. However, we hold that in this case ·the carrier's notice of claims status was ·not sufficient to require the petitioner to .request a hearing within sixty days of the ·date thereof or be forever barred from urging his rights under his petition to ·reopen.

The respondent carrier urges that ·even if the May 23, 1969 notice of claims .status was ambiguous, any such ambiguity was removed by a letter to petitioner from ·the Commission dated June 18, 1969. This letter advised petitioner that the results of the June 9, 1969 medical examination ·showed no evidence of new and additional ·disability, and that therefore " * * * ·our denial to reopen your file issued March 3, 1969 appears to be justified." We do not ·think that this letter from the *Commission* can be construed as such action by the *carrier* as would be sufficient to bring into play the time limitation provisions ·of A.R.S. § 23–947. *Compare* Apache Powder Company v. Bond, 61 Ariz. 184, 145 P.2d 988 (1944). Also, it should be ·noted that the Commission's June 18, 1969 letter referred to a "March 3, 1969" denial, ·which was an altogether different proceed-·ing than that here involved.

In all fairness to the repondent carrier .and the Commission it should be pointed ·out that an inference can be gained from ·the file that the *subjective* intent involved in scheduling the June 9, 1969 medical examination for the petitioner was to give ·petitioner a proper medical examination so .as to perhaps foreclose the possibility of :the future filing by petitioner of additional ·petitions to reopen. However, in our opin-ion the *objective* manifestatio:s of that intent in the form of paragraph 8 of the notice of claims status and the provisions in the May 26, 1969 notice of medical .appointment were subject to a reasonable interpretation by petitioner that no final ·decision had been made by the carrier on .his May 14, 1969 petition to reopen. Based

upon that reasonable interpretation, the pe-titioner should not be deprived of his right to a hearing concerning his petition to reopen.

The award is set aside.

JACOBSON, P. J., and EUBANK, J, concur.