482 P.2d 467

**Robert PARSONS, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Bekins Freight, Respondent Employer,**

**Employers Mutual of Wausau, Respondent Carrier.**

**No. 1 CA–IC 493.**

Court of Appeals of Arizona, Division 1, Department B.

March 18, 1971.

Rehearing Denied May 4, 1971.

Review Granted June 1, 1971.

Petitioner, on August 19, 1969, sustained an industrially-related injury which the insurance carrier accepted for benefits on September 9, 1969. Subsequently, on December 3, 1969, the petitioner was involved in an automobile accident. At the time of the auto accident, petitioner had not returned to work following the industrially-related accident of August 19, 1969.

On December 22, 1969, the insurance carrier issued a "Notice of Claim Status," on a form approved by the Commission advising petitioner that his temporary compensation was terminated as of December 9, 1969, because: "It was brought to our attention that you were in a private automobile accident on 12/3/69, and the problems you are presently experiencing are due to your private injury." This Notice of Claim Status form also contained the following language:

"NOTICE TO CLAIMANT:

"If you are aggrieved by this notice you may apply for a hearing by written application at any office of The Industrial Commission of Arizona within 60 days after the date of the mailing of this notice."

The petitioner failed to request a hearing within the 60-day period. However, on March 2, 1970, he delivered to the Commission a letter in which he stated he felt he was entitled to a hearing. The petitioner attached to this letter, a report of Doctor Paul E. Palmer, dated February 26, 1970. A portion of Dr. Palmer's report indicated that:

"I feel that his present symptoms are a continuation of the symptoms of the injury of August 19, 1969, but that his problem has been aggravated to some degree as a result of the injury of December 3, 1969."

The March 2, 1970, letter was considered by the Commission as a petition for hearing. On March 19, 1970, a Commission hearing officer entered an award denying the petition for hearing on the grounds

---

Morgan & Jerome by Donald J. Morgan, Phoenix, for petitioner.

Browder, Gillenwater & Daughton by Robert W. Browder, Phoenix, for Employers Mutual of Wausau.

William C. Wahl, Jr., Counsel, Donald L. Cross, Phoenix, Former Chief Counsel for The Industrial Commission of Arizona.

JACOBSON, Presiding Judge.

In this review by certiorari of an award of The Industrial Commission, we are asked primarily to determine the effect of a notice of claim status issued by an insurance carrier.

that the Commission was without jurisdiction to hold a hearing because the request for hearing was not filed within 60 days following the issuance of the Notice of Claim Status. Following the issuance of this award the petitioner filed a pleading entitled "Request for Review and Re-arrangement." This document requested the following:

1. "Claimant hereby applies to reopen his claim for an increase or rearrangement of his compensation on the basis of the apportionment letter * * * given by Dr. Palmer.

2. "The Commission should investigate and review this case, under the terms of 23-161 J * * *.

3. "That the Commission, by order, designate the carrier which shall pay the claim."

The Commission mailed notice of review to all parties which resulted in the Commission making findings and entering an award affirming the hearing officer's award of March 19, 1970.

Petitioner questions the effect of his failure to request a hearing within sixty days following the mailing of the Notice of Claims Status terminating compensation. He also questions whether petitioner's "Request for Review and Rearrangement" should properly have been considered by the Commission as a petition to reopen on the basis of a newly discovered disability.

The first issue requires a determination of the effect of A.R.S. §§ 23–947 and 23–1061, both effective January 1, 1969.

It is apparent that the 1968 broad-based amendments to the legislation affecting The Industrial Commission and its processes had at least one objective—the expediting of claim handling. To this end numerous status determinations which were formerly arrived at only through Commission action, are now, under the amended statutes, made by the parties involved, that is, the injured workman, his employer, and the insurance carrier, be that carrier the fund or a private insurer. As is stated in § 23–1061, subsec. G:

"Except as otherwise provided by law, the insurance carrier or self-insuring employer shall process and pay compensation and provide medical, surgical and hospital benefits, without the necessity for the making of an award or determination by the commission."

The Commission then, is normally called upon to act only in those cases where disputes arise between the employee, employer or insurance carrier.

A.R.S. § 23–1061, subsec. F, provides that "[e]ach insurance carrier and self-insuring employer shall report to the commission * * * and to the employee by certified mail at his last known address any denial of a claim, any change in the amount of compensation *and the termination thereof* * * *." Pursuant to its statutory administrative power the Commission has prepared a form to be used by the carriers to advise employees of action being taken concerning the employee's claim, including the denial thereof. This form is entitled "Notice of Claim Status."

Any party aggrieved by such a "Notice of Claim Status" is, under the statute, entitled to a hearing as provided by A.R.S. § 23–941. However, the right to a hearing, is conditioned upon the party having complied with A.R.S. § 23–947 which provides:

"A hearing on any question relating to a claim shall not be granted unless: * * * such request for a hearing is filed within sixty days after the notice sent by certified mail under the provisions of subsection F[1] of § 23–1061 * * *."

The original legislation under § 23–947 referred to subsection E of 23–1061, which the respondent carrier argued in its brief was a mistake on the part of the legislature, citing the legislative history of the act in support of this contention. We agree that this was a mistake which the legislature corrected in 1970 (Laws of 1970, Chapter 137, § 14).

In our opinion A.R.S. § 23–947 gives to the "Notice of Claim Status," the same effect previously given to awards of The Industrial Commission, that is, the failure to timely seek relief from such notice results in an ousting of Commission jurisdiction to consider the claim. We therefore hold that the failure of the petitioner to request a hearing within sixty days from the date of the notice of claim status terminating his benefits, deprived the Commission of jurisdiction to determine whether such a termination was wrongfully made.

This then brings us to a determination of whether petitioner's "Request for Review or Rearrangement" should have been considered as a petition to reopen his claim. A.R.S. § 23–1061, subsec. H, allows an employee to reopen his claim to secure "additional benefits by filing * * * a petition requesting the reopening of his claim upon the basis of new, additional or previously undiscovered temporary or permanent condition * * *." It is clear, however, that the document filed by petitioner together with the doctor's report does not show any "new, additional or previously undiscovered" condition. On the contrary, it merely relates to whether petitioner's present condition is the result of the original August 19, 1969, industrial accident or the automobile accident of December 3, 1969. As we previously indicated this is the exact area the Commission is precluded from making an inquiry into because of the petitioner's failure to timely request a hearing. In other words, the determination that petitioner's symptoms as of December 9, 1969, were the result of the December 3, 1969, auto accident rather than the industrial accident is *res judicata*.

Petitioner, in this case, in order to prevail on a petition to reopen, must be in a position to show that his present condition is related to the industrial accident of August 19, 1969, and is in some manner different than it was on December 9, 1969, the date of terminating compensation by the "Notice of Claim Status."

The "Request for Review and Rearrangement" filed by petitioner failed to present such a factual basis and therefore the Commission properly refused to consider that document as a petition to reopen.

The award of the Commission is affirmed.

EUBANK and HAIRE, JJ., concur.