488 P.2d 480

**Mary R. PINKERTON, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Peoria High School, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. I CA–IC 538.**

Court of Appeals of Arizona, Division 1, Department B.

Sept. 13, 1971.

Rehearing Denied Oct. 6, 1971.

Morgan & Jerome by D. A. Jerome, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Comm. of Ariz., Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund, by Harlan J. Crossman, Phoenix, for respondent carrier.

EUBANK, Judge.

In this review by our writ of certiorari, we are asked to examine the finality of a determination by the respondent insurance carrier and The Industrial Commission of petitioner's average monthly wage, which was, admittedly, incorrectly calculated, where petitioner failed to file a written application for a hearing with the Commission within 60 days following the mailing of the "Notice of Claim Status."

The petitioner was a school teacher employed by the Peoria High School during the 1968–1969 school year. On January 7, 1969, she stumbled and fell in the school library and suffered a hip injury. She filed her claim with the Commission which was accepted for benefits. On February 7, 1969, the respondent insurance carrier sent the required "Notice of Claim Status", on the approved Commission form, to both the Commission and the petitioner determining her average monthly wage to be $691.67. This determination was arrived at by dividing her yearly salary of $8,300 by twelve months, rather than by nine and one-half months, the actual length of time of her teacher's contract with the district.

See Powell v. Industrial Commission, 104 Ariz. 257, 451 P.2d 37 (1969). On February 27, 1969, the Commission, in compliance with A.R.S. § 23–1061, subsec. F, made its independent determination of the average monthly wage and approved the amount determined by the respondent insurance carrier of $691.67, continuing the same calculation error. This information was transmitted to all parties by sending them a "Notice of Average Monthly Wage" form. Both the "Notice of Claim Status" and the "Notice of Average Monthly Wage" clearly set out that a hearing could be had by filing a written application for the hearing with the Commission within 60 days of mailing of either notice. (See A.R.S. § 23–947). The petitioner did not file an application for a hearing within the time limit applicable to either notice. Then, on September 10, 1969, she filed a petition for a hearing attacking the February 7, 1969, Notice of Claim Status as unjust, unlawful and not supported by the evidence for the reason that,

> "It is our contention that the notice of claim status is not res judicata; that the wage should be corrected, and claimant should be paid the difference between what she was given on the wrong average monthly wage calculation and the proper monthly wage calculation."

Following a formal hearing in May 1970, the hearing officer rejected the petitioner's contentions, saying:

> "4. That whether or not Powell v. Industrial Commission of Arizona (supra) was final and in full force and effect as of February 27, 1969 is essentially immaterial; that the Industrial Commission's NOTICE OF AVERAGE MONTHLY WAGE establishing applicant's [petitioner's] wage in the sum of $691.67 is final and res judicata and the Commission is without further jurisdiction to consider the matter in the premises (Talley v. Industrial Commission of Arizona (1969), 105 Ariz. 162, 461 P.2d 83; Pedigo v. Industrial Commission of Arizona (1969), 104 Ariz. 433, 454 P.2d

975; Jacobsen v. Industrial Commission of Arizona (1969), 11 Ariz.App. 105, 462 P.2d [402] 403; Page v. Industrial Commission of Arizona (1970), 12 Ariz.App. 250, 469 P.2d 484, filed May 25, 1970)."

The Commission on Review affirmed the hearing officer's award. (See A.R.S. § 23–943).

The petitioner raises on review substantially the same arguments that she raised in her September 10, 1969, petition for hearing, namely, that the February 7, 1969, notice was not final or res judicata, and that the wage calculation was wrong and needs correcting. Since we must hold that both the notices of February 7, 1969, and February 27, 1969, are final and res judicata as to the issue of petitioner's average monthly wage, we will refrain from commenting on the failure of the Commission to perform its positive duty to check the insurance carrier's calculations (A.R.S. § 23–1061, subsec. F). It is enough to say that the legislature clearly did not intend this type of situation to occur.

Turning to the finality issue, we recently released an opinion entitled, Parsons v. Industrial Commission, 14 Ariz.App. 218, 482 P.2d 467 (1971) [Review granted June 1, 1971], which dealt with the petitioner's failure to request a hearing within 60 days following the mailing of the Notice of Claims Status terminating compensation. After citing A.R.S. § 23–947 which provides:

> "A hearing on any question relating to a claim shall not be granted unless * * * such request for a hearing is filed within sixty days after the notice sent by certified mail under the provisions of subsection F of § 23–1061 * * *."

We held:

> "[1] In our opinion A.R.S. § 23–947 gives to the 'Notice of Claim Status,' the same effect previously given to awards of The Industrial Commission, that is, the failure to timely seek relief from such notice results in an ousting of Commission jurisdiction to consider the

claim. We therefore hold that the failure of the petitioner to request a hearing within sixty days from the date of the notice of claim status terminating his benefits, deprived the Commission of jurisdiction to determine whether such a termination was wrongfully made."

Although we did not use the term res judicata in Parsons, a few days later we released Best v. Industrial Commission, 14 Ariz.App. 221, 482 P.2d 470 (1971), wherein we said:

> "We are aware that the doctrine of *res judicata* applies to awards of the Industrial Commission (citations omitted), and, in view of the provisions of A.R.S. § 23–947 we are of the opinion that this doctrine of finality is equally applicable to a carrier's notice of denial of liability when there is no timely request for a hearing relating thereto. Parsons v. Industrial Commission, *supra.* * * *"

We refused to apply the doctrine in Best because the carrier had made a confusing mistake in the notice, but the doctrine is clearly applicable to the situation where timely petitions for hearing are not made. Russell v. Industrial Commission, 104 Ariz. 548, 456 P.2d 918 (1969); Martinez v. Industrial Commission, 97 Ariz. 275, 399 P.2d 678 (1965).

In the case at bar, the petitioner's failure to make an application for a hearing within sixty days from the mailing of the Commission's February 27, 1969, Notice of Average Monthly Wage determination that her wage was $691.67 is final and res judicata on the issue and the Commission is without jurisdiction to revisit the question. Parsons and Best, supra. We do not deem it necessary to specifically discuss the nature of the insurance carrier's "Notice of Claim Status" form in relation to the average monthly wage determination, except to say that A.R.S. § 23–1061, subsec. F expressly treats the determination of average monthly wage differently than it does the denial of a claim, a change in compensation or the termination thereof,

by specifically requiring the Commission to make an independent determination of the average monthly wage.

The award is affirmed.

JACOBSON, P. J., and HAIRE, J., concur.