490 P.2d 35

EMPLOYERS MUTUAL LIABILITY IN-SURANCE COMPANY OF WISCON-SIN, Petitioner Carrier,

and

Evans Steel & Manufacturing Company, Petitioner Employer,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Edward V. White, Respondent Employee.

No. I CA–IC 533.

Court of Appeals of Arizona, Division 1, Department A.

Nov. 8, 1971.

Browder, Gillenwater & Daughton, by Robert W. Browder and David W. Adler, Phoenix, for petitioning carrier and employer.

William C. Wahl, Jr., Chief Counsel, The Industrial Comm. of Ariz., Phoenix, for respondent.

Gorey & Ely, by Joseph M. Bettini, Phoenix, for respondent employee.

STEVENS, Presiding Judge.

The respondent employee, Edward V. White, sustained an industrial back injury on 14 January 1969. The procedures for the processing of this injury are governed by the extensive 1968 statutory changes which became effective on 1 January 1969. The then recent effect of the statutory changes may have led to the confusion which we find in the claims file which was forwarded to this Court by the Commission. The claims file is not constructed by the Commission as the claim is processed as it was in the pre-1969 industrial claims. The majority of the materials appearing in the claims file originate with the carrier and with the employee.

### HOW IS NOTICE GIVEN?

It is our view of the record that there were a number of failures to comply with the requirements of notice before the matter reached The Industrial Commission. Our interest was aroused and we made a brief review of the statutes in this regard. We hope that this opinion will help to alert parties to the problems of notice. There are several statutory provisions in relation to the giving of notice in workmen's compensation matters. These provisions are not wholly consistent. We cite some examples in the footnote.*

* There are instances wherein the statutes require the giving of notice but no means of the transmission of that notice is specified. See:
A.R.S. § 23–908, subsec. F in relation to the employer's notice to the carrier and the carrier's notice to the Commission;

A.R.S. § 23–1047, subsec. A in relation to the notice from the employer or the carrier to the Commission;
A.R.S. § 23–1047, subsec. D in relation to the duty of an employee, in a post-award situation, to make an annual report and the follow-up notice by the Commission *but see* A.R.S. § 23–947;

## NOTICE IN THIS MATTER

We will not burden this opinion with a detailed recitation of the various pieces of paper which were authored by the insurer which we find in the claims file for the reason that it is our view that this matter can be resolved by the record made after the claim reached the Commission. The hearing officer found that the insured paid temporary disability payments "at least through March 28, 1969." There are ear-

A.R.S. § 23–1061, subsec. F in relation to the carrier's notice to the employee as to its determination of the average monthly wage and like notice by the Commission as to its determination *but see* A.R.S. § 23–947; and A.R.S. § 23–1061, subsec. I in relation to the notice which the Commission gives when a petition to reopen is filed and a like notice by the carrier as to whether it accepts or denies the petition *but see* A.R.S. § 23–947.

There are instances wherein the statutes require notice by "mail" without characterizing the type of mail service to be used. See:

A.R.S. § 23–941, subsec. B in relation to a request for a hearing;

A.R.S. § 23–941, subsec. D in relation to the notice of the hearing;

A.R.S. § 23–943, subsec. B in relation to a request that the Commission review the award of a hearing officer; and

A.R.S. § 23–1047, subsec. C in relation to the Commission's notice of its determination sent to all parties.

There are instances wherein the statutes require that the notice be sent by "registered or certified mail." See:

A.R.S. § 23–942, subsec. B in relation to the award of the hearing officer;

A.R.S. § 23–943, subsec. D in relation to the notice of review of the award of a hearing officer. This appears to differ from A.R.S. § 23–943, subsec. B cited above; and

A.R.S. § 23–943, subsec. G in relation to the award of the Commission after its review of the award of the hearing officer.

And there are instances wherein the statutes require notice by "certified mail." See:

A.R.S. § 23–947 in relation to the giving of an A.R.S. § 23–1061, subsec. F notice. There is also a cross-reference to A.R.S. § 23–1047 and § 23–1061; and

A.R.S. § 23–1061, subsec. F in relation to a carrier's report of change.

lier papers purportedly sent by the employer and the Commission which apparently set the employee's average monthly wage at $360. While this figure was contested before the hearing officer, it is not contested before this Court, consequently we do not comment upon the sufficiency of these notices, the sufficiency of their content, or the adequacy of the service and proof of service thereof.

This Court has heretofore had the matter of notices under consideration.

The Rules of Procedure before The Industrial Commission of Arizona were adopted pursuant to A.R.S. § 23–921, subsec. B. These became effective on 1 September 1970 and apply to hearings held after 1 October 1970, both dates being after the matters herein involved. A preliminary review of these rules appears to indicate that the only rule specifying the manner of service is Rule 58. We quote this rule as follows:

"Rule 58. Service of Awards and Other Matters

"(a) Service of any award, decision, order, subpoena, notice or any other matter required by law or these rules to be served shall be made upon an interested party and his authorized representative. Service upon the authorized representative shall be deemed service upon the party.

"(b) Service of any of the matters referred to in subsection (a) hereof may be made by enclosing the same, or a copy thereof, in a sealed envelope and depositing the same in the United States mail, with postage prepaid, addressed to the party served. Such service may be made to the address of such party as shown by the records of the Commission. Service shall be deemed complete when the matter to be served is so deposited.

"(c) Service of any of the matters referred to in subsection (a) hereof, unless otherwise required by law, may also be made personally in the same manner as a summons is served in a civil action; and in such event service shall be deemed complete at the time same is actually made.

"(d) Proof of service may be made by the affidavit certificate or oral testimony of the person making such service."

We believe there must be some significance to the variety of language used in the statutes and we can only conclude that each of the several specific methods of service of notice was deliberately selected.

In Kasprowiz v. Industrial Commission of Arizona, 14 Ariz.App. 75, 480 P.2d 992 (1971) (Review denied.), we had occasion to consider the effect the failure of the carrier to deny liability within the statutory 14-day period.

In Parsons v. Industrial Commission of Arizona, 14 Ariz.App. 218, 482 P.2d 467 (1971) (Review granted.), we had occasion to consider the effect of the lapse of the 60-day period after a notice of claim status.

In Best v. Industrial Commission of Arizona, 14 Ariz.App. 221, 482 P.2d 470 (1971) (the mandate has issued), we had occasion to consider an ambiguous notice of claim status.

In Pinkerton v. Industrial Commission of Arizona, 15 Ariz.App. 275, 488 P.2d 480 (1971), we again considered the 60-day period.

The record reflects that the insurer's counsel were retained on 5 September 1969 on which date a "notice of claim status" apparently was mailed to the employee, to his attorneys, and to the attorneys for the insurer.

Promptly and pursuant to A.R.S. § 23–947 the employee requested a hearing. The hearing was held on 28 May 1970.

In anticipation of the hearing the employee subpoenaed a Veterans' Administration doctor with whom he had consulted and the Veterans Administration Custodian of Records. These prospective witnesses were not subpoenaed by the insurer. There were other doctors who were subpoenaed by both the employee and the insurer, that is, both subpoenaed the same three doctors. The Veterans' Administration personnel declined to honor the subpoenaes but the custodian sent a copy of a Veterans' Administration medical record directly to the hearing officer. The insurer objected to the record unless he had the opportunity to cross-examine the doctor who made the record, a doctor subpoenaed by the employee. The hearing officer overruled the objections and stated that he would consider the record.

■ This situation presents a two-pronged problem. May one party rely upon the fact that the other party has subpoenaed a named potential witness and urge that he has been deprived of the right of examination of that witness where the subpoenaed witness does not appear? The answer is in the negative. To assure the preservation of the record and the right to examine a specified witness, the witness whom a party desires to examine must be subpoenaed by that party in order to preserve the record based upon the inability to examine the potential witness whom he desires to examine. The party may not rely upon the fact that a subpoena has been issued by the opposition.

■ The second area of this question is the propriety of the ruling of the hearing officer. We have no hesitancy in holding that under the circumstances which are presented in this matter, it was error for the hearing officer to consider the hospital records. Our examination of the records leads us to the conclusion that the error was harmless, that the Veterans' Administration records added little of value in aid of the employee and that the award is adequately sustained without the consideration of the Veterans' Administration records.

■ The hearing officer rendered his award on 5 June 1970. A review was timely requested and on 8 July 1970 the Commission, by a 3 to 1 vote, approved the award of the hearing officer. This action is established by the signatures of the Commissioners and by their longhand comments. On 6 August 1970 an award with rubber-stamped signatures was issued and mailed. The 8 July 1970 action complies with A.R.S. § 23–105 which mandates that "[t]he vote of each member shall be recorded." Notice having been given in relation to the award of 6 August 1970, the review before this Court was timely.

The substance of the action of the hearing officer and of the Commission, exclusive of the determination of the average monthly wage of $360 which is not herein attacked, is as follows:

"1. Medical, hospital and surgical benefits from January 14, 1969 through January 28, 1970, inclusive.

"2. Partial temporary disability compensation benefits from March 29, 1969 through January 28, 1970, inclusive, as provided by law and not inconsistent with the foregoing Findings.

"AND IT IS HEREBY FURTHER ORDERED:

"That all compensation benefits to which applicant has heretofore or may hereafter become entitled shall be based upon the average monthly wage of $360.00."

After a review of the file this Court concludes that the award is reasonably supported by the record.

The award is affirmed.

CASE and DONOFRIO, JJ., concur.