492 P.2d 453

Eldred E. SALINE, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Stearns-Roger Corporation, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. I CA–IC 610.

Court of Appeals of Arizona, Division 1.

Jan. 10, 1972.

Rehearing Denied Feb. 9, 1972.

Review Denied March 14, 1972.

Lawrence Ollason and Walter L. Richards, Jr., Tucson, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Comm. of Ariz., Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund, by Dee-Dee Samet, Tucson, for respondent carrier.

HOWARD, Judge.

Petitioner questions the lawfulness of a decision and award of the Industrial Commission issued on December 21, 1970, affirming the hearing officer's award of Oc-

tober 15, 1970, dismissing petitioner's request for hearing for lack of jurisdiction.

Petitioner allegedly received injuries in an industrial accident on June 27, 1969. Shortly thereafter petitioner filed a claim with respondent carrier and on August 15, 1969, by a document entitled "Notice of Claim Status" was notified that his claim had been denied. The notice also stated:

"NOTICE TO CLAIMANT:

If you are aggrieved by this notice you may apply for a hearing by filing a written application at any office of the Industrial Commission of Arizona within sixty (60) days after the date of mailing of this notice."

On December 3, 1969, after the expiration of the sixty (60) day period, petitioner filed both a request for hearing and a petition to reopen claim with the Industrial Commission. These and other attempts to have petitioner's claim reopened, updated, or processed as a new claim were all denied for the reason that petitioner had failed to file an objection or request for hearing within the sixty days following notice of the claim denial.

Petitioner, without citing authority to support his position, contends that he should, after he had obtained additional evidence, have been able to renew his claim despite the fact that the sixty day period had run. Following oral argument we asked the parties to file additional briefs on the issue of whether the notice to petitioner comparts with due process and the Rules of the Industrial Commission. In particular we questioned (1) whether the notice of claim status gives sufficient notice to the workmen of the necessity to ask for a hearing within sixty (60) days, and (2) whether the notice of claim status herein, which stated that the claim had been denied for "insufficient evidence" meets with the requirements of Rule 51 of the Rules of Procedure Before the Industrial Commission of Arizona (1963).

We will first consider whether, assuming the notice of claim status was valid, the Commission properly refused to grant petitioner a hearing or reopen his claim.

Division One of this court was faced with a similar situation in Parsons v. Industrial Commission, 14 Ariz.App. 218, 482 P.2d 467 (1971).[1] After a discussion of the recent amendments to the legislation affecting the Industrial Commission the court therein stated:

"In our opinion A.R.S. § 23-947 gives to the 'Notice of Claim Status,' the same effect previously given to awards of The Industrial Commission, that is, the failure to timely seek relief from such notice results in an ousting of Commission jurisdiction to consider the claim. We therefore hold that the failure of the petitioner to request a hearing within sixty days from the date of the notice of claim status terminating his benefits, deprived the Commission of jurisdiction to determine whether such a termination was wrongfully made." 14 Ariz.App. at 221, 482 P.2d at 470.

As petitioner herein failed to request a hearing within the sixty day statutory period the denial of his claim became *res judicata* and the Industrial Commission was without jurisdiction to either grant a hearing or reopen petitioner's claim. *See* Russell v. Industrial Commission, 104 Ariz. 548, 456 P.2d 918 (1969); Walsh v. Industrial Commission, 16 Ariz.App. 133, 491 P.2d 856 (1971); Best v. Industrial Commission, 14 Ariz.App. 221, 482 P.2d 470 (1971).

Petitioner, however, claims that the "Notice of Claim Status" itself is invalid for the reason that due process requires that he have notice of the *consequences* of his failure to request a hearing. We believe that all that is required is a notice reasonably certain to apprise those affected. Due process requires, at a minimum, that absent a countervailing state in-

1. We acknowledge that the Arizona Supreme Court has granted a petition for the review of *Parsons.*

## 206

terest of overriding significance, persons forced to settle their claims of right through the judicial process must be given a meaningful opportunity to be heard. Boddie v. Connecticut, 401 U.S. 371, 91 S. Ct. 780, 28 L.Ed.2d 113 (1971). However, the notice and opportunity for hearing may vary with the nature of the case. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Thus, what the Constitution does require is "an *opportunity* . . . granted at a meaningful time and in a meaningful manner," Armstrong v. Manzo, 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62, 66 (1965) (emphasis added), "for [a] hearing appropriate to the nature of the case." Mullane v. Central Hanover Bank & Trust Co., supra, 339 U.S. at 313, 70 S.Ct. at 657, 94·L.Ed. at 873. In the case of workmen's compensation the state has seen fit to provide ·for recovery through an administrative agency, with quasi judicial powers. In our opinion the notice given in this case, when. read by a reasonable person, would lead ·that person to the conclusion that if he is not satisfied with the action taken upon his claim he should request a hearing within .sixty days and he could not do so thereafter. This meets the requirements of due process when considered in conjunction .with the nature of the proceedings.

Petitioner further claims that the notice herein is void as it does not satisfy Rule 51 of the Rules of Procedure Before The Industrial Commission of Arizona (1963) [2] which states:

"51. Denial Must Be Set Forth In Full:
—
Such denial shall set forth specifically and in detail each and every ground on which·liability is denied, and any defense not so specified therein shall be deemed fully and finally waived."

■ The notice sent to petitioner was a form which merely indicated that his claim had been denied because of "insufficient

evidence." It did not indicate how the evidence was insufficient; i. e., did he fail to show a work related injury, that he was, in fact, injured, or was the evidence insufficient to allow a determination as to the nature of his injuries? While we agree that this notice did not conform to Rule 51 we feel that petitioner waived this defect by failing to request a hearing within the sixty day period.

Affirmed.

KRUCKER, C. J., and HATHAWAY, J., concur.

NOTE: This case was decided by the judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.

2. As the present Rules of Procedure Before The Industrial Commission (1970) did not go into effect until Sept. 1, 1970, this case was governed by the Rules in effect at the time of the "notice", those adopted in 1963.