506 P.2d 653

AETNA INSURANCE COMPANY and Austin & Wolfe Refrigeration, Inc., Petitioners,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Robert J. Austin, Respondent Employee.

No. 1 CA–IC 730.

Court of Appeals of Arizona, Division 1, Department B.

Feb. 22, 1973.

Rehearing Denied March 13, 1973.

Review Denied April 10, 1973.

Shimmel, Hill & Bishop, P. C., by Merton E. Marks, Phoenix, for petitioners.

William C. Wahl, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

N. Pike Johnson, Jr., Phoenix, for respondent employee.

JACOBSON, Chief Judge, Division 1.

The sole questions presented by this appeal by way of writ of certiorari from an award of the Industrial Commission are whether the evidence supports the Commission's findings that the injured workman's average monthly wage exceeded $1,000 and whether his subsequent cardiac, cerebral and gastric disabilities were causally related to his industrial injury.[1]

On May 1, 1969, the respondent, Robert J. Austin, suffered a back injury, later diagnosed as a herniated disc, while in the course and scope of his employment with petitioner Austin & Wolfe Refrigeration, Inc. At the time of his injury, Mr. Austin was a majority stockholder, vice president and general manager of his employer.

Because of the back injury, Mr. Austin was hospitalized and surgery consisting of a spinal fusion was performed on June 19, 1969. Almost immediately following the surgery, Mr. Austin complained of a rapid heartbeat, shortness of breath and chest pains. These complaints persisted and resulted in Mr. Austin being seen by a gastroenterologist, who diagnosed a duodenal ulcer and diaphragmatic hernia in July of 1970. Because of repeated complaints of chest pains, in December 1970, Mr. Austin

was examined by Dr. Jerome C. Robinson, a cardiologist. Dr. Robinson performed certain diagnostic procedures including a coronary arteriogram. This procedure requires that a catheter be passed through the coronary arteries. During this procedure, a clot formed on the tip of the catheter and impaired the circulation into the interior surface of the heart resulting in a myocardial infarction. This procedure also resulted in a thrombosis in a small cerebral blood vessel in the brain, resulting in Mr. Austin suffering a stroke which affected his speech and writing abilities.

Following acceptance of Mr. Austin's industrial claim, the petitioner insurance carrier, on August 21, 1969, issued a Notice of Claim Status setting Mr. Austin's average monthly wage at $866.60. Approximately one and one-half years later, on February 10, 1971, the Industrial Commission issued its notice approving the prior average monthly wage set by the insurance carrier.

On February 24, 1971, the insurance carrier denied liability for any medical expenses incurred by Mr. Austin not directly related to the back injury and surgery.

On March 11, 1971, Mr. Austin, through his attorney, requested a hearing contending the Commission had improperly determined his average monthly wage, alleging that his salary was based upon a payment of $200.00 per week plus $10,000.00 payable at the end of the year. Mr. Austin also contended that the medical expenses incurred in connection with his coronary, cerebral and gastric problems were all proper charges against his insurance carrier as being causally related to his industrial injury. A hearing was held on June 11, 1971, following which the hearing officer found all issues in favor of Mr. Austin. These findings were affirmed by an award of the Industrial Commission and this appeal followed.

Petitioners first contend that Mr. Austin's failure to protest the Notice of Claim

---

1. In petitioners' opening brief in this court, they also asserted that error was committed by the hearing officer in refusing to grant a continued hearing in this matter. Prior to oral argument, by letter to the court, petitioners' counsel abandoned this contention.

**264**

Status setting his average monthly wage at $886.60 within 60 days from its issuance resulted in that determination becoming *res judicata* under the authority of Parsons v. Industrial Commission, 14 Ariz.App. 218, 482 P.2d 467 (1971). In *Parsons,* we held:

> "In our opinion A.R.S. § 23–947 gives to the 'Notice of Claim Status,' the same effect previously given to awards of The Industrial Commission, that is, the failure to timely seek relief from such notice results in an ousting of Commission jurisdiction to consider the claim." 14 Ariz.App. at 221, 482 P.2d at 470.

 Aside from the fact that our opinion in *Parsons* was vacated by the Arizona Supreme Court (Parsons v. Industrial Commission, 108 Ariz. 130, 493 P.2d 913 (1972)), that case was concerned with a Notice of Claim Status terminating the injured workman's compensation. Such a termination, without protest, requires no further Commission action. A.R.S. § 23–1061, subsec. F (1971). This is to be contrasted with the further provisions of A.R.S. § 23–1061, subsec. F, dealing with fixing average monthly wages, which provide:

> "Within thirty days of the payment of the first installment of compensation, the carrier or self-insuring employer shall notify the employee and commission of the average monthly wage of the claimant as calculated, and the basis for such determination. *The commission shall thereupon make its own independent determination of the average monthly wage pursuant to § 23–1041.*" (Emphasis added.)

 Under this statute, which requires affirmative action by the Commission in determining the average monthly wage we hold that it is not the Notice of Claim Status issued by the carrier determining average monthly wage which is to have any final effect, but rather it is the determination of the Commission on this subject which becomes *res judicata* absent a timely request for rehearing. In this case Mr. Austin timely requested a hearing on the Commission's determination, thus avoiding the conclusiveness of that determination.

 Petitioners next contend that the evidence does not support the hearing officer's findings as to the average monthly wage or the causal relationship of Mr. Austin's coronary, cerebral and gastric problems to his industrial injury. It would unduly lengthen this opinion to recite in detail the evidentiary basis for the hearing officer's findings. Suffice it to say, we have examined the transcript of the hearing and find that there was evidence before the Industrial Commission which would support its findings both as to average monthly wage and as to the causal relationship between the industrial injury, resultant surgery and Mr. Austin's subsequent problems. In such a case, we may not substitute our opinion for that of the Commission and its findings must be affirmed. Nebel v. Industrial Commission, 3 Ariz.App. 171, 412 P.2d 740 (1966).

The award is affirmed.

EUBANK, P. J., and HAIRE, J., concur.