506 P.2d 646

Robert HOUSTON, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Galyen Enterprises, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. I CA–IC 741.

Court of Appeals of Arizona, Division 1, Department B.

Feb. 27, 1973.

Rehearing Denied March 26, 1973.

Review Denied April 17, 1973.

Noel J. R. Levy, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, Phoenix, for respondent, The Industrial Commission of Arizona.

Johnson, Sundberg & Crossman, by Harlan J. Crossman, and Robert K. Park, Chief Counsel, State Compensation Fund, Phoenix, for respondent employer and respondent carrier.

HAIRE, Judge.

On this review by certiorari of an Industrial Commission award, the petitioning claimant contends that the Commission erred in applying the doctrine of *res judicata* and refusing to consider claimant's contention that his average monthly wage had been incorrectly established.

On August 7, 1969, claimant, while working as a crop duster pilot, sustained an industrial injury. His claim for workmen's compensation benefits was accepted by the respondent carrier, and on September 23, 1969, the carrier issued a notice of claims status and a notice of average monthly wage calculation which established the average monthly wage at $400 per month. On September 30, 1969, the Industrial Commission, pursuant to A.R.S. § 23–1061, subsec. F, issued its notice of average monthly wage wherein claimant was notified that his average monthly wage as determined by the Commission was $400, the same amount as that previously established by the carrier.

The claimant did not request a hearing within sixty days of the Commission's determination of the average monthly wage as required by A.R.S. § 23–947 (see Aetna Insurance Co. v. Industrial Commission, 19 Ariz.App. 262, 506 P.2d 653, filed February 22, 1973). However, some thirteen months later, on November 27, 1970, the Commission did receive a letter from claimant asking that his average monthly wage be reviewed. This was treated as a request for hearing and a hearing was set for March 26, 1971. The carrier then filed a motion to dismiss raising the question of the finality of the Commission's prior administrative determination of the average monthly wage, and on March 9, 1971, the hearing officer issued his decision finding that the claimant's average monthly wage had become final and res judicata, and that the Commission was without jurisdiction to consider the matter. The claimant made no attempt within thirty days to request a review by the Commission of the hearing officer's decision as required by A.R.S. § 23–942. Instead, the claimant waited almost seven months, until November 1, 1971, before filing a "Request for Review and Determination by the Industrial Commission". On November 29, 1971, the Commission entered its "Findings and Order Dismissing Request for Review" on the basis that the request was not timely pursuant to the requirements of A.R.S. § 23–942, subsec. C and § 23–943, subsecs. A and B. The Commission therefore concluded that it lacked jurisdiction. Thereafter the claimant timely requested review by certiorari by this Court.

 Claimant contends that the carrier in establishing the average monthly wage and the Commission in approving the average monthly wage determination made by the carrier, wrongfully computed the amount thereof by basing the computation upon a stipulated wage agreement between the employer and employee rather than upon the employee's actual earnings. If such be the fact, undoubtedly the average monthly wage determination was erroneously made and would have been subject to attack upon timely request for a hearing under § 23–947. Assuming further a timely request for hearing and a denial of relief by the hearing officer, the hearing officer's decision likewise would have been subject to reversal by the Commission upon a timely request for review pursuant to §§ 23–942 and 23–943. Here, the claimant not only failed to timely request a hearing to review the Commission's initial administrative determination of the average monthly wage, but also failed to timely request a review by the Commission of the hearing officer's unfavorable award.

In State Compensation Fund v. McComb, 16 Ariz.App. 303, 492 P.2d 1241 (1972), we reviewed the Arizona decisions relating to the res judicata effect of average monthly wage determinations which were not timely challenged and held that even though the employer in that case had admittedly by mistake supplied information showing an average monthly wage twice the actual amount of earnings, the untimely challenged average monthly wage determination had become final and was res judicata. We see nothing here that would justify a departure from the principles enunciated in McComb, supra. The award is affirmed.

JACOBSON, C. J., Division 1, and EUBANK, P. J., Department B, concur.