510 P.2d 773

**Carmelita S. SANCHEZ, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Krueger Manufacturing Co., Respondent Employer,**

**Fireman's Fund Insurance Co., Respondent Carrier.**

**No. 1 CA–IC 764.**

Court of Appeals of Arizona,
Division 1,
Department B.
June 12, 1973.

**144**

Lawrence Ollason, R. Lamar Couser, Tucson, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Commission of Ariz., Phoenix, Rabinovitz & Minker by Bernard I. Rabinovitz, Tucson, for respondents Employer and Carrier.

EUBANK, Presiding Judge.

Petitioner requests that we review by our writ of certiorari the findings of The Industrial Commission that her petition for hearing filed on December 21, 1970, was untimely filed and the Commission was without jurisdiction to act, and that the petitioner failed to prove any new, additional and previously undiscovered disability requiring the reopening of her claim.

The petitioner suffered an industrial injury on July 30, 1969, while moving heavy equipment. She received temporary compensation until the medical benefits were terminated on February 17, 1970, by a *Notice of Claim Status*. This action was not contested and became final. On December 18, 1970, the petitioner filed a Request for Hearing. The Commission treated this as a Petition to Reopen her claim and petitioner acquiesced by furnishing the required supporting medical statement.

Petitioner now contends that the February 17, 1970, *Notice of Claim Status* issued by an insurance carrier could not foreclose action by the Commission, since it has nothing to do with the jurisdiction of the Commission. We have answered this question contrary to petitioner's contention and have fully discussed this issue in Pinkerton v. Industrial Commission, 15 Ariz. App. 275, 488 P.2d 480 (1971). *See also* Best v. Industrial Commission, 14 Ariz.App. 221, 482 P.2d 470 (1971); Parsons v. Industrial Commission, 14 Ariz.App. 218, 482 P.2d 467 (1971), vacated on other grounds in Parsons v. Bekins Freight, 108 Ariz. 130, 493 P.2d 913 (1972).

Petitioner finally contends that the evidence showed that she suffered a new, additional, and previously undiscovered disability for which she should be allowed to reopen her case. Our review of the record requires a contrary conclusion. The medical evidence fails to causally relate her present emotional problems to the prior industrial injury.

The award is affirmed.

JACOBSON, C. J., Division one and HAIRE, J., concur.