

merely a matter of procedural law and is not of constitutional stature."

In that same opinion, the Supreme Court notes that under A.R.S. § 13–1418.01(B), the officer's certification of the complaint is done under penalty of perjury. The deterrent effect on the affiant is thus the same on a certified "short-form" complaint as on a sworn long-form complaint. We cannot sustain the defendant's first contention.[1]

The defendant next contends that a trial de novo provided by A.R.S. § 22–374(A) does not satisfy the guarantee of an appeal provided in Arizona Constitution Art. 2, § 24. We cannot agree. In Burris v. Davis, 46 Ariz. 127, 46 P.2d 1084 (1935), the Court held that, despite the defendant's guilty plea in Justice Court, he was entitled to an appeal to Superior Court, and that the case should be heard on both the law and facts as if it had originated in Superior Court, (46 Ariz. at 131, 132, 46 P.2d at 1086). The Court felt this appeal was necessary specifically to fulfill the guarantees of Art. 2, § 24 of the Arizona Constitution (46 Ariz. at 132, 46 P.2d at 1086). The rationale and holding of the case have subsequently been expressly approved by the Court. Duncan v. Mack, 59 Ariz. 36, 40, 122 P.2d 215 (1942); Horne v. Superior Court, 89 Ariz. 289, 292, 293, 361 P.2d 547 (1961). The defendant complains that A.R.S. § 22–375 prevents an appeal from errors made by the Superior Court judge in hearing his appeal from Phoenix City Court. The defendant is

seeking the right to a second appeal of unrestricted scope for which we find no justification, constitutional or otherwise.

The judgment of the Superior Court should be and is affirmed.

DONOFRIO, P. J., and OGG, J., concur.

517 P.2d 1104

**Clyde A. BEST, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Kennecott Copper Corporation, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. l CA–IC 837.**

Court of Appeals of Arizona, Division 1, Department B.

Jan. 8, 1974.

Rehearing Denied Feb. 15, 1974.

Review Denied March 12, 1974.

---

[1]. We mention this issue to reemphasize the Arizona Supreme Court's holding in State ex rel. Purcell v. Superior Court In And For Maricopa County, supra. We have no authority to disturb the Superior Court's judgment on this issue. A.R.S. § 22–375 provides:

"§ 22–375. Limitation of appeal from superior court in action appealed from inferior court

"A. An appeal may be taken by the defendant from a final judgment of the superior court in an action appealed from a justice of the peace or police court, *if the*

*action involves the validity of a tax, impost, assessment, toll, municipal fine or statute.* "B. Except as provided in this section, there shall be no appeal from the judgment of the superior court given in an action appealed from a justice of the peace or a police court." (Emphasis added)

In the briefs and oral arguments, counsel was unable to bring the question of sufficiency of the complaint within this section. Consequently, it may not be the basis of any action by this Court.

**212**

Rabinovitz & Minker, P. C., by Bernard I. Rabinovitz, Tucson, for petitioner.

Fennemore, Craig, von Ammon & Udall, by Michael Preston Green and Silas H. Shultz, Phoenix, for respondent employer.

William C. Wahl, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund, Phoenix, for respondent carrier.

## OPINION

JACOBSON, Chief Judge, Division 1.

This review of an award of the Industrial Commission denying a petition to reopen an industrial claim raises the issue of whether the claimant is presently suffering from a mental or physical disability related to his 1962 industrial accident.

In April, 1962, petitioner, Clyde A. Best, was injured in two consecutive separate accidents, one to his left index finger and the other to his back and head. This industrial claim was closed by an award in 1963, finding a 25% loss of function of the left minor arm. This award became final. Thereafter, petitioner filed petitions to reopen on January 25, 1965, July 8, 1965 and February 18, 1969, all of which were denied.

On May 14, 1969, the present petition to reopen was filed and subsequently denied as being untimely. This court in the case of Best v. Industrial Commission, 14 Ariz. App. 221, 482 P.2d 470 (1971) set aside the award of the Commission holding that the request for hearing was timely. Subsequently three formal hearings were held which resulted in the present award finding that petitioner presently suffers from no new, additional or previously undiscovered condition attributable to or causally related to his 1962 industrial injuries.

Petitioner by this review claims that he presently suffers from both physical and mental disabilities attributable to his 1962 injury and these disabilities are new, additional or previously undiscovered conditions. As to the physical disabilities petitioner points to findings made by Dr. Jamie Vargas that he suffers some physical disability and this disability is related "historically" to his prior industrial accident. On the other hand, Dr. John J. Kelley, a physician certified by the American Board of Neurological Surgery and a Fellow of the American College of Surgeons testified as a result of two examinations, one in 1969 and one in 1971, that:

"Q. And your opinion that there is nothing neurologically wrong with

**214**

■ Support for the Commission's award, if any, must come from Dr. Mc-Grath's testimony. However, he was not asked whether in his opinion petitioner would be suffering from his present disabling mental condition in the absence of the industrial injuries. Without this illuminating testimony we are of the opinion that Dr. McGrath's testimony cannot be relied upon to disprove a causal connection to the industrial injury. On the other hand Dr. Greenbaum's testimony unequivocally stated such a causal connection. For this reason, in our opinion, the record does not support the award of the Commission.

The award of the Commission is set aside.

HAIRE, P. J., and DONOFRIO, J., concur.

Note: The original opinion in this matter, filed January 8, 1974, erroneously showed Judge WILLIAM E. EUBANK as having participated in this decision. Judge FRANCIS J. DONOFRIO actually sat and considered the matter.

517 P.2d 1107

**COMPASS REALTY AND INVESTMENT CORPORATION, Appellant,**

v.

**A A REFRIGERATION & HEATING, INC., John W. Hudson and Dorothy Hudson, husband and wife, Appellees.**

**No. 1 CA–CIV 2035.**

Court of Appeals of Arizona, Division 1, Department B.

Jan. 10, 1974.

Rehearing Denied Feb. 7, 1974.

Review Denied March 12, 1974.