767 P.2d 713

Anthony REVES, Petitioner Employee,

v.

The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,

Western Lumber Supply, Respondent Employer,

Lumbermen's Underwriting Alliance, Respondent Carrier.

No. 2 CA–IC 88–0013.

Court of Appeals of Arizona, Division 2, Department B.

Sept. 27, 1988.

Petition and Cross–Petition for Review Denied Feb. 15, 1989.

Auerbach and Auerbach by Richard Auerbach, Tucson, for petitioner employee.

The Industrial Com'n of Arizona by Catherine A. Fuller, Chief Counsel, Phoenix, for respondent.

Joseph L. Moore, Ltd. by Joseph L. Moore, Phoenix, for respondent employer and respondent carrier.

## OPINION

FERNANDEZ, Judge.

The only issue in this workers' compensation case is the propriety of the administrative law judge's ruling that the employee petitioner's request for hearing was not timely filed and that no statutory exception applied to excuse the late filing. We affirm the ruling.

On February 20, 1987, petitioner filed a claim with the commission, alleging that he had sustained an industrial injury on February 11, 1987, while he was employed by Western Lumber Supply. On March 24, 1987, the carrier, Lumbermen's Underwriting Alliance, issued a notice of claim status denying petitioner's claim. On June 23, 1987, 91 days later, petitioner filed a request for hearing. Respondents raised the untimely filing as an affirmative defense. After a hearing devoted solely to that issue, the administrative law judge determined that the request for hearing was untimely and that there was insufficient evidence to excuse its untimeliness. After the award was affirmed on petitioner's request for review, this special action followed.

The governing statute, A.R.S. § 23–947, requires a request for hearing to be filed within 90 days after the notice of claim status is sent. Subsection B of that section as it read prior to amendments effective in October of 1987, provided as follows:

As used in this section, 'filed' means that the request for hearing is in the possession of the commission. Failure to file with the commission within the required ninety days by a party means that the determination by the commission, insurance carrier or self-insuring employer is final and res judicata to all parties. The industrial commission or any court shall not excuse a late filing unless any of the following apply:

1. The person to whom the notice is sent does not request a hearing because of justifiable reliance on a representation by the commission, employer or carrier.

2. At the time the notice is sent the person to whom it is sent is suffering

from insanity or legal incompetence or incapacity, including minority.

3. The person to whom the notice is sent shows by clear and convincing evidence that the notice was not received.

Petitioner contends that he justifiably relied either upon representations by the carrier's claim representative or upon a commission employee's representations. He alternatively contends that his request for hearing was timely filed. Petitioner also argues that the administrative law judge erred in ordering petitioner's counsel either to withdraw his affidavit from the record or to withdraw as counsel of record so he could become a witness. Finally, petitioner alleges that it was error for the administrative law judge to deny his post-hearing, post-decision motions for new hearing which alleged newly-discovered evidence.

## REPRESENTATIONS BY CARRIER

Petitioner testified that his mother received the March 24, 1987, notice and that she read it to him over the phone, advising him that his claim had been denied. The next day his sister took the notice to him. Petitioner testified on direct examination that he called Deborah Bakken, the carrier's representative, on March 25, 1987, and she requested a recorded statement from him as to his version of what happened. He stated she informed him that within two weeks he would either receive a check or a notice and that if he did not he should call her again. Petitioner acknowledged that approximately two weeks later he again spoke to Bakken who told him that his claim had been denied.

■ Petitioner contends that the action on the part of the carrier in taking a recorded statement after the notice denying the claim had been sent was confusing and should have resulted in additional time for him to request a hearing. We note, however, that in response to subsequent questioning by the administrative law judge, petitioner testified that the recorded statement was taken prior to his receipt of the notice denying the claim. In any event, petitioner clearly had notice of the denial at least two months prior to the filing deadline. The facts of this case are not at all like those in *Best v. Industrial Commission*, 14 Ariz.App. 221, 482 P.2d 470 (1971), as petitioner contends. Nor do we find any merit to petitioner's contention that the carrier's conduct here was such that petitioner could justifiably raise the issue of estoppel. *Cajun Cable Co. v. Industrial Commission of Arizona*, 156 Ariz. 590, 754 P.2d 317 (App.1987); *McKaskle v. Industrial Commission of Arizona*, 135 Ariz. 168, 659 P.2d 1313 (App.1982).

## REPRESENTATIONS BY COMMISSION

On June 22, 1987, an employee of the commission received a telephone call from a person who said he needed to file a request for hearing which was due that day. The employee testified he presumed the caller was an unrepresented claimant. The caller told the employee that he was at a location where he could not safely and timely drive to the commission office by 5:00 PM in order to file the request. The employee told the caller that perhaps "extenuating circumstances" existed of which he was unaware which might excuse a late filing. He suggested mailing the request certified mail and having it postmarked that day.

Petitioner and the attorney whom he retained a day or two later then mailed a request for hearing that day. Sometime after 5:00 PM that same day, petitioner's attorney made an after-hours visit to the state building where the commission is located and deposited an envelope under the commission's door.

■ Petitioner argues that he was misled by the commission employee's information and that, as a result, he was unable to timely file the request for hearing. The evidence does not support petitioner's contention. Petitioner testified that his attorney made the call. The employee testified that he did not tell the caller that mailing the request would constitute timely filing. The fact that petitioner's attorney took an envelope to the commission that same eve-

ning refutes his contention that he was misled by the employee. We also note that the employee testified that several days after the first call, counsel called again and asked the employee to make a statement that he had said it would be acceptable to mail the request.

### TIMELY FILING

 The commission's rules provide that its offices in Phoenix and Tucson are open for the transaction of business from 8:00 AM until 5:00 PM every day except Saturdays, Sundays and legal holidays. A.C.R. R. R4–13–102. It is clear that an envelope slipped under the door after 5:00 PM would not be "in the possession of the commission" as required by A.R.S. § 23–947(B). Therefore, the request for hearing was not "filed within ninety days after the notice [was] sent." A.R.S. § 23–947(A).

### COUNSEL'S AFFIDAVIT

Apparently, petitioner contends that the administrative law judge erred in ordering that an affidavit of petitioner's counsel be withdrawn from the record or, alternatively, that the attorney withdraw as counsel of record so that respondent's counsel could cross-examine him.

Petitioner has devoted only five lines of his brief to this issue and has offered no reason why he contends the ruling was erroneous. We find no error.

### DENIAL OF POST–HEARING MOTIONS

 Petitioner's final complaint is that the administrative law judge, in denying his post-hearing motion for a new hearing, prevented him from introducing additional evidence. In *Mother Tucker's Food Experience v. Industrial Commission of Arizona*, 142 Ariz. 496, 690 P.2d 797 (App. 1984), Division One of this court made it clear that attempts to introduce additional evidence after the conclusion of evidentiary hearings will be viewed with extreme caution and that only under the most compelling circumstances will post-hearing evi-

dence be admitted. No such compelling circumstances existed here. We find no error.

Petitioner had the burden of proving that his request for hearing was timely filed or that the circumstances surrounding his untimely-filed request satisfied one or more of the statutorily-defined exceptions to the 90–day filing requirement. We agree that petitioner failed to satisfy that burden.

Respondents' request for attorney's fees on the ground that this special action is frivolous is denied, although we agree that many of petitioner's contentions are frivolous.

AFFIRMED.

ROLL, P.J., and LACAGNINA, C.J., concur.