449 P.2d 300

**Cecil FRANKLIN, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona and Rust Sales Company, Respondents.**

**No. 1 CA–IC 182.**

Court of Appeals of Arizona.

Jan. 14, 1969.

Rehearing Denied Feb. 24, 1969.
Review Denied April 8, 1969.

Gorey & Ely, by Jeffrey D. Bonn, Phoenix, for petitioner.

Robert D. Steckner, Chief Counsel, by Glen D. Webster, Phoenix, for respondents.

CAMERON, Judge.

This is a writ of certiorari to review the findings and award of the respondent Industrial Commission which held that the average monthly wage of the petitioner at the time of the injury was $120 per month.

The petitioner contends that the award and findings in question was not a final award and did not become res judicata because the calculation was illegal and beyond the Commission's jurisdictional power as the result of a mistake or clerical error in determining the average monthly wage. The petitioner, not being represented by counsel was unaware of the consequences of his failure to protest the award within the 20-day period prescribed by the Commission and the Commission contends that the award became final.

At the time of his injury, petitioner was working for the respondent Rust Sales Company on a part time basis. His average monthly wage at Rust Sales was approximately $120.00 a month. At the same time petitioner had a full time job with Crystal Ice Company at a monthly wage of $355.00. The Commission in a "Finding and Award For Temporary Disability" issued 13 December 1962 found petitioner's average monthly wage was $120.00 and awarded petitioner compensation based on that amount. This award was not challenged by the petitioner and he returned to work with Crystal Ice until 26 July 1966 when he was discharged because of his physical condition.

A petition to reopen had been previously filed in 1965 and at the time of the final

hearing in this matter he was earning $251.00 a month as a security guard.

 The cases have consistently held that if no application for hearing is made within 20 days after service of the award, as provided in the Rules of the Industrial Commission or no petition for writ of certiorari as provided by statute, A.R.S. § 23–951; Fernandez v. Industrial Commission, 4 Ariz.App. 445, 421 P.2d 341 (1966), vacated on other grounds, 102 Ariz. 50, 424 P.2d 451 (1966), the award becomes final and the Commission thereafter has no power nor jurisdiction to change or review its decision. Green v. Industrial Commission, 78 Ariz. 347, 280 P.2d 268 (1955). There are two recognized exceptions to this rule: first, where there was a mutual mistake in fact, Martin v. Industrial Commission, 63 Ariz. 273, 161 P.2d 921 (1945), and second, where there was a stenographic error the record could be changed to speak the truth, Hamer v. Industrial Commission, 43 Ariz. 349, 31 P.2d 103 (1934).

 We do not find from the record that there was a stenographic error or mutual mistake of fact in the instant case. Even if we could so find, and the award were set aside by this Court, it is doubtful that petitioner could include the salary from Crystal Ice in computing his monthly wage at the time of the accident. We have recently stated:

> "A reading of the foregoing cases reveals that some inconsistencies have developed in this area. In our opinion the formula for the computation of the average monthly wage is one for legislative declaration. In the absence of a situation similar to that presented in Butler, it is our opinion that the statute permits us to consider only the income of the employee which he received from the particular employer at the time of the injury. * * *." Mickelson v. Industrial Commission, 7 Ariz.App. 182, 437 P.2d 666 (1968).

We have examined the record in the instant case, and it is the opinion of the Court that the petitioner failed to sustain his burden of showing that the determination of average monthly wage contained in the award of 13 December 1962 came within either of the two exceptions to the rule that an award not protested within 20 days nor appealed (by writ of certiorari to this Court within 30 days) becomes final and is res judicata. Bierman v. Magma Copper Company, 88 Ariz. 21, 352 P.2d 356 (1960); Garrard v. Industrial Commission, 6 Ariz.App. 373, 432 P.2d 921 (1967).

The award is affirmed.

DONOFRIO, C. J., and STEVENS, J., concur.