512 P.2d 24

Arturo Torres GARCIA, Petitioner,

v.

The INDUSTRIAL COMMISSION of
Arizona, Respondent,

Bruce Church, Inc., Respondent Employer,

State Compensation Fund, Respondent
Carrier.

No. 1 CA–IC 757.

Court of Appeals of Arizona,
Division 1,
Department B.

July 19, 1973.

Langerman, Begam & Lewis by Michael
J. O'Melia, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel,
The Industrial Commission of Arizona,
Phoenix, for respondent, Industrial Commission.

Robert K. Park, Chief Counsel, State
Compensation Fund by R. Kent Klein,
Phoenix, for respondent carrier and employer.

JACOBSON, Chief Judge.

The sole question raised by this review
of an award of the Industrial Commission
is whether petitioner's counsel's failure to
timely request a hearing following the issuance of a Notice of Claim Status divested
the Commission of jurisdiction.

Petitioner, Arturo Torres Garcia, was
originally injured on November 24, 1964.
His claim was accepted for benefits and he
received treatment. This claim was terminated on October 8, 1965, by an award for
temporary disability which became final.

On May 17, 1968, petitioner filed a Petition to Reopen his claim which reopening
was accepted. Petitioner in these proceedings was represented by an attorney practicing law in Yuma, Arizona. An additional award for scheduled permanent disability was entered in connection with this
reopening petition which was served on the
petitioner and his Yuma counsel and became final.

A second Petition to Reopen was filed
by petitioner on April 1, 1971. This petition was signed by the petitioner and bore
his mailing address of P. O. Box 159, Somerton, Arizona. Notice of the filing of
this Petition to Reopen was given by the
Commission to the State Compensation
Fund on April 14, 1971, and on April 27,

1971, the Fund issued its Notice of Claim Status denying the reopening upon the basis that there was "insufficient evidence to establish new, additional or previously undiscovered disability causally related to the claim petitioned to be reopened." Copies of this Notice of Claim Status were mailed to the petitioner at the address reflected on the Petition to Reopen, the employer, the physician who had submitted a medical report and the Yuma attorney of record, the only attorney whose authorization of representation of the petitioner appeared in the carrier's claim file.

On May 8, 1971, Jack Levine, an attorney, wrote the Commission seeking information concerning the petitioner's Petition to Reopen. This letter was received in the Commission office on May 11, 1971. On the same day, Mrs. Betty Wonderly, Supervisor of the Petition Review Section of the Commission, wrote Mr. Levine advising him that "a Notice of Claim Status has been rendered by the State Compensation Fund and by copy of this letter we are asking that they furnish you with same *if their file indicates that you are an attorney of record."* Mrs. Wonderly's letter also requested that a letter of retention of Mr. Levine as attorney for the petitioner be furnished the Commission. A letter of retention of counsel, dated May 18, 1971, was received by the Commission on May 28, 1971. This was the first official indication that Mr. Levine had authority to represent the petitioner.

At the time Mrs. Wonderly wrote her letter, there were still 48 days within which to protest the Fund's Notice of Claim Status of April 27, 1971, and at the time the letter of retention of counsel was received by the Commission, 30 days still remained within which to file a timely protest.

Nothing further was done in connection with petitioner's claim until a letter dated June 29, 1971, from Mr. Levine was received by the Fund requesting information concerning the Petition to Reopen. This letter was dated 63 days after the Notice of Claim Status was issued by the Fund and 49 days after Mr. Levine was advised by the Commission that the Fund had issued its Notice of Claim Status. On July 2, 1971, petitioner filed a request for a hearing in connection with the April 27, 1971, Notice of Claim Status denying the Petition to Reopen—66 days after the issuance of this notice.

The Fund timely moved that the request for hearing be dismissed on the basis that the request for hearing was untimely under A.R.S. § 23–947, which provides in part:

"A hearing on any question relating to a claim *shall not be granted unless . . . such request for a hearing is filed within sixty days* after the notice sent by certified mail under the provision of Subsection F of § 23–1061 . . .." (Emphasis added.)

The hearing officer granted the motion to dismiss, which was affirmed by the Commission. This review by writ of certiorari followed.

■ In the petitioner's opening brief in this court, he argues that neither he nor his attorney was served with a Notice of Claim Status and therefore he would be deprived of due process if finality was accorded such notice. The record does not bear this out. From the affidavit of mailing of the Fund, which was not challenged, it is clear both the petitioner and his attorney of record at that time were served with copies of the Notice of Claim Status. Moreover, it is clear that at the time that the Notice of Claim Status was issued, the rules of the Commission did not require that copies be sent Attorney Levine. Rule 58(a), 16 A.R.S., Rules of Civil Procedure before the Industrial Commission of Arizona,[1] provides:

"Service of any award, decision, subpoena, notice or any other matter required by law or these rules to be served shall be made upon an interested party and his authorized representative."

---

1. References are to those rules effective September 1, 1970.

"Authorized representative" is defined by Rule 5, of the same Rules of Procedure, as meaning:

". . . only those persons permitted by law, *including attorneys, who are authorized by a written instrument of authorization* filed with the Commission, to act for and in behalf of a party." (Emphasis added.)

Mr. Levine did not obtain such written authorization until May 18, 1971, and it was not filed with the Commission until May 28, 1971. It is apparent that he was entitled to no notification of the Notice of Claim Status issued on April 27, 1971.

■ Petitioner also cites the case of Parsons v. Bekins Freight, 108 Ariz. 130, 493 P.2d 913 (1972) for the proposition that the Commission still retains jurisdiction to determine controversies, even where the notice of hearing is more than 60 days following issuance of Notice of Claim Status, and therefore the dismissal by the Commission was unwarranted. Petitioner's reliance on *Parsons,* in this regard, is misplaced. We recently, in the case of Taylor v. Industrial Commission, 20 Ariz.App. 46, 509 P.2d 1083 (filed May 15, 1973), held that *Parsons* merely created an additional exception to the doctrine of *res judicata,* this exception being "that when at the time of the issuance of an award or a Notice of Claim Status, the claimant does not have knowledge of facts or by the exercise of reasonable diligence could not obtain knowledge of facts which would entitle him to properly protest the award, the Commission may waive failure to protest, provided that the delay occasioned thereby is neither excessive nor unfair in its consequences to the carrier." Taylor v. Industrial Commission, *supra.*

Here, the lack of knowledge is apparently of the Notice of Claim Status itself. However, assuming *Parsons* is applicable to this situation, the record is clear that the petitioner obtained notice of the Notice of Claim Status, as did his then attorney of record. Moreover, Jack Levine had knowledge that a Notice of Claim Status had been issued by the Fund, at least 45 days prior to the time the 60 days would have run on requesting a hearing on that notice, yet no action was taken. Even under *Parsons,* it cannot be said that petitioner or his present counsel acted diligently.

We have repeatedly held that failure to timely request a hearing following the issuance of a Notice of Claim Status, by statute, ousts the Commission from jurisdiction to consider the matter further. Saline v. Industrial Commission, 16 Ariz.App. 204, 492 P.2d 453 (1972); Pinkerton v. Industrial Commission, 15 Ariz.App. 275, 488 P.2d 480 (1971); Best v. Industrial Commission, 14 Ariz.App. 221, 482 P.2d 470 (1971).

The request for hearing in this case having been filed more than 60 days after the issuance of the Notice of Claim Status, the Commission properly affirmed the hearing officer's Award Dismissing Request for Hearing.

Award affirmed.

HAIRE, J., and STEVENS, J., Department A, concur.

Note: Judge WILLIAM E. EUBANK having requested that he be relieved from consideration of this matter, Judge HENRY S. STEVENS was called to sit in his stead and participate in the determination of this matter.