584 P.2d 601

**PHOENIX COTTON PICKERY, and State Compensation Fund, Petitioners,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Jose A. Trevizo, Respondent Employee.**

**No. 1 CA–IC 1838.**

Court of Appeals of Arizona, Division 1, Department C.

July 18, 1978.

Rehearing Denied Aug. 21, 1978.

Review Denied Sept. 19, 1978.

**138**

Robert K. Park, Chief Counsel, State Compensation Fund by Peter C. Kilgard, Phoenix, for petitioners.

John H. Budd, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Peter T. Van Baalen, Phoenix, for respondent employee.

## OPINION

SCHROEDER, Judge.

The Industrial Commission granted a reopening to respondent, Jose A. Trevizo. The State Compensation Fund, petitioner in this special action, seeks to have the award set aside on the ground there is no evidence of a new, additional, or previously undiscovered medical condition sufficient to support a reopening of his claim.

The principal issue in this case is the effect to be given a prior unprotested Notice of Claim Status denying a reopening.

Trevizo was injured on August 8, 1974, when he fractured his ankle while working for the petitioner-employer, Phoenix Cotton Pickery. Benefits were paid on his claim until March 5, 1975, when the claim was closed with a ten percent functional impairment of the right leg. Trevizo protested the closure, but following formal hearings at the Industrial Commission, an award was issued affirming the carrier's action and awarding Trevizo benefits for a ten percent scheduled permanent partial disability of the right leg. The award was affirmed on review, was not protested, and became final.

On April 23, 1976, Trevizo filed a petition to reopen alleging a need for more treatment. The carrier denied the petition to reopen by Notice of Claim Status dated May 11, 1976. A notation on the face of the notice stated that there was "[i]nsufficient medical evidence to establish new additional or previously undiscovered disability causally related to the claim petitioned to be reopened." No protest followed the carrier's denial and its action became final.

Next, on August 11, 1976, Trevizo filed a second petition to reopen. The carrier again denied the petition with a notation on the notice identical to the notation on the previous Notice of Claim Status. On September 2, 1976, Trevizo filed a request for hearing from the denial of this second petition to reopen and hearings were held on February 4, March 4, and March 18, 1977.

On April 26, 1977, the hearing officer entered an award which granted the reopening and found that Trevizo's condition had changed since the time of the original closing of his claim. No mention was made of the first petition to reopen which had been denied by the carrier and which had become final.

In its request for review, the carrier argued that the reopening was precluded under the facts as established at the hearings because there was no evidence of a change in Trevizo's condition between the time of the first petition to reopen and the time of the second petition to reopen. The hearing officer treated the request for review as an attack on the jurisdiction of the Industrial Commission to hold hearings on the second petition to reopen. He issued an amended decision and award again granting reopening, and finding Trevizo was not precluded from introducing evidence of his changed condition. This special action followed the hearing officer's amended decision.

In its submissions to this Court, the carrier has not argued that Trevizo was wholly precluded from introducing evidence of a changed condition or that the Commission lacked jurisdiction to hold hearings on the second petition to reopen. Rather, the carrier argues that the finality of the denial of the first petition to reopen requires Trevizo to show a new, additional, or previously undiscovered condition since the time of the first petition to reopen, and not the time of the original closing of his claim. We agree.

A.R.S. § 23–947 gives the same final effect to unprotested Notices of Claim Status as is given to awards of the Industrial Commission which become final. *Saline v. Industrial Comm'n*, 16 Ariz.App. 204, 492 P.2d 453 (1972). After *Saline*, it has been

generally recognized that a party's failure to file a timely protest from a carrier's Notice of Claim Status entitles the notice to finality, *Nelson v. Industrial Comm'n*, 115 Ariz. 293, 564 P.2d 1260 (Ct.App. 1977), and ousts the Industrial Commission of jurisdiction to consider the matters determined in the notice. *Garcia v. Industrial Comm'n*, 20 Ariz.App. 261, 512 P.2d 24 (1973). The finality attributed to Notices of Claim Status includes finality as to the merits of the carrier's determination when no protest follows within the statutory time requirements. *Kucko v. Industrial Comm'n*, 116 Ariz. 530, 570 P.2d 217 (Ct.App. 1977). The decisions have repeatedly described the effect to be given an unprotested Notice of Claim Status as "res judicata."

The limited exceptions to this rule of finality do not apply here. There is no claim of mutual mistake or stenographic error. *Franklin v. Industrial Comm'n*, 9 Ariz.App. 64, 449 P.2d 300 (1969). Nor is there a claim for relief from the effects of a late protest along the lines considered in *Parsons v. Bekins Freight*, 108 Ariz. 130, 493 P.2d 913 (1972), and *Kleinsmith v. Industrial Comm'n*, 26 Ariz.App. 77, 546 P.2d 346, *adopted*, 113 Ariz. 189, 549 P.2d 161 (1976).

■ The carrier's denial of Trevizo's first petition to reopen was not protested and became final. The prior decisions of our Court require a holding that it thereby became a binding determination that petitioner's physical condition had not changed so as to justify a reopening as of May 11, 1976. That date, thus, becomes the crucial date against which any subsequent petition to reopen must be measured. It was Trevizo's burden to show a change in his physical condition between May 11, 1976, and the time of the second petition to reopen.

The evidence on this question is uncontroverted and does not support a reopening of his claim. First, Frank J. DePaoli, M.D., an orthopedic surgeon, testified that Trevizo's condition was essentially the same at the time of the second petition to reopen as it was at the time of the first attempted reopening. The only other medical witness was Bruce A. Mallin, M.D., the orthopedic surgeon who had previously found the ten percent functional impairment of the right leg. In regard to an examination performed immediately prior to the time of the hearing on the second petition to reopen, Dr. Mallin testified as follows:

"Q As a result of this examination did you form an opinion again as to what the permanent impairment of that extremity would be?

A Well, I did but I did it in relationship to his injury and not to his calcaneal navicular bar.

Q With respect to the injury alone was that rating the same?

A With respect to the injury the rating was the same, yes.

Q With respect to the calcaneal bar which you have described from your examination in December of '75 and now also you see it again in the January '77 examination, is that essentially the same condition on both occasions?

A Yes. That hasn't changed."

■ Trevizo failed to show any change in his condition between petitions to reopen. There is, therefore, no support for the hearing officer's award granting reopening.

Finally, we do not believe the carrier argued the effect of the denial of the first petition to reopen in an untimely fashion. Neither party was requested to file legal memoranda discussing the issues raised in this case. The carrier raised this question at the first appropriate opportunity.

The award is set aside.

NELSON and OGG, JJ., concur.