696 P.2d 1348

**RED BLUFF MINES, INC., Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Daniel Lott, Deceased, Hetta W. Roberts, Mother and Personal Representative of the Estate of Daniel Lott, Deceased and E.L. Lott, Personal Representative of the Estate of Daniel L. Lott Deceased, Respondent Personal Representatives of the Estate of Daniel Lott, Deceased,**

**NONE, Respondent Carrier.**

**No. 1 CA–IC 3150.**

Court of Appeals of Arizona, Division 1, Department C.

Oct. 18, 1984.

Reconsideration Denied Dec. 18, 1984.

Review Denied March 19, 1985.

Law Offices of Richard E. Taylor by Don F. Schaar, Phoenix, for petitioner.

Sandra Day, Chief Counsel, The Industrial Com'n of Arizona, Jennings, Strouss & Salmon by Steven C. Lester, Phoenix, for respondents.

## OPINION

JACOBSON, Chief Judge.

This is a special action review of a November 29, 1983 Industrial Commission (Commission) award for what are denominated "death benefits." The issue on review concerns the preclusive effect, if any, of a previous award entered on November 2, 1981. The petitioner, Red Bluff Mines,

Inc., asserts that this award determined its sole liability for all claims and therefore precludes the present award. The respondents, personal representatives of the Estate of David Lott, defend the administrative law judge's conclusion that this award determined compensability of the claim but not the extent of petitioner's liability.[1] We reject both positions, but for independent reasons set aside the award.

The history of this case begins on November 27, 1980 at the Red Bluff Mine near Wickenburg, Arizona when Daniel Lott's head was crushed by heavy equipment. He was airlifted to St. Joseph's hospital in Phoenix, where he remained comatose until he died on December 10, 1980. The deceased's mother, Hetta Roberts, was at that time living in Wickenburg, but after her son's death went to Mississippi. Hetta buried her son there at her own expense.

Hospital personnel reported the injury to the Commission which, in turn, sent a December 11, 1980 letter to the Estate of Daniel Lott. This letter in relevant part stated:

> If it is your intention to file for benefits in connection with Daniel Lott's fatal accident of November 24, 1980, a claim for *death benefits* is required from you by the Industrial Commission within one year from November 24, 1980.
>
> We attach hereto the appropriate claim in compliance with Section 23–1061 of the Arizona Workmen's Laws.

(Emphasis added.) The "appropriate" claim attached was a *widow's* claim for benefits.

Hetta completed this claim form and returned it with a May 2, 1981 letter, which in relevant part stated:

> The deceased, Danny Webb Lott ... was my Son, therefore many of the questions on the form are not applicable.
>
> I am not filing this complaint for personal gain. There is no amount of money which will bring back my son or compensate for my loss. My sole purpose is to get his *funeral, medical and death related expenses paid.*

(Emphasis added.)

Red Bluff Mines, Inc. (Red Bluff), Daniel Lott's alleged employer, was apparently uninsured. In May, 1981, the Commission filed an affidavit of no insurance and proceeded to process the case as a "no insurance" case. *See generally* A.R.S. § 23–907; *Holding v. Industrial Commission,* 139 Ariz. 548, 679 P.2d 571 (App.1984). The Commission investigated the injury and also collected information about Lott's medical bills and wages. Contemporaneously, Hetta hired Mississippi counsel "to represent me in the recovery of damages I sustained as a result of the death of my son ..." and filed a written authorization of representation with the Commission. *See generally* A.C.R.R. R4–13–105(1).

On November 2, 1981, the Commission issued two awards.[2] The first denied compensation for a widow's and dependent's benefits claim under A.R.S. § 23–1064. The second granted "death benefits". It found that the injury was compensable and that Red Bluff was Lott's uninsured employer. It also imposed liability on Red Bluff for reasonable burial expenses up to $1,000.00. The award included notice that it would become final after ninety days.

On November 30, 1981, Hetta wrote the Commission requesting payment of the death benefit. On December 7, 1981, an internal Commission memorandum noted that the November 2, 1981 award failed to impose liability on the employer for its

---

1. The Commission is an interested party. *See Evertsen v. Industrial Commission,* 117 Ariz. 378, 573 P.2d 69 (App.1977), *adopted* 117 Ariz. 342, 572 P.2d 804 (1977). Although the Commission noticed its appearance, it did not file an answering brief.

2. These awards were the product of the Commission's investigation of the claim. They are not section 23–942 awards, which are decisions by administrative law judges made after an adversary hearing on the merits, but were in the nature of a notice of claim status. *See* A.R.S. § 23–942(A); *Holding v. Industrial Commission, supra.*

A.R.S. § 23–1065(A) payment and also failed to include the compensation and medical benefits due Lott's estate. On February 2, 1982, the Commission issued an amended award which reiterated the previous burial expense award, but also imposed liability on Red Bluff for a $1,150.00 payment to the Special Fund under A.R.S. § 23–1065(A) and required Red Bluff to pay Lott's estate compensation and medical benefits. The medical benefits exceeded $22,000.00.

Red Bluff timely protested this award. This protest denied that the injury was compensable and also asserted that Hetta "is not the legally appointed representative of the Estate of Daniel Lott and no claim has been filed within one year by the legally appointed personal representative of the Estate of Daniel Lott." The petitioner subsequently moved to dismiss Hetta's claim for burial allowance and medical expenses and compensation on the grounds that she was required to make this claim in the capacity of personal representative.

Neither Hetta nor her Mississippi counsel appeared at the scheduled hearing. The Commission appeared but conceded the motion to dismiss.

On September 13, 1982, the administrative law judge issued an award vacating the February 2, 1982 amended award and dismissing "the claim for death benefits filed by the decedent's mother under the date of December 2, 1981." [3] The dispositive finding stated:

3. That the applicant, having expired and no personal representative having been appointed, the Commission is without jurisdiction to direct payment of benefits to the mother of the deceased herein, accordingly, the AMENDED FINDINGS AND AWARD FOR DEATH BENEFITS heretofore entered on February 2, 1982 should be vacated; furthermore the 'claim' filed by decedent's mother under date of December 2, 1981, for

payment of benefits, should be dismissed. . . . (That the question raised by the defendant employer as to whether the deceased was in fact an employee at the time of his death shall be the subject of further administrative action and/or formal hearing.)

The award was affirmed on administrative review.[4] It became final without special action review.

Both parties agree that this award did not affect the efficacy of the November 2, 1981 award which originally set liability for burial expenses. This matter lay dormant until January, 1983, when St. Joseph's hospital requested payment of its medical bills. The Commission responded that it lacked jurisdiction because of the final September 13, 1982 award. In March, 1983 certified copies of Hetta's and her husband's appointment as personal representatives of Lott's estate were submitted to the Commission. In June, 1983, a workman's report of injury was filed on behalf of the personal representatives. In relevant part, it stated:

A claim was presented on behalf of Daniel Lott by St. Joseph's hospital on a Form 102, prior to Daniel Lott's death. The claim contained the necessary and relevant information, but was unsigned by Mr. Lott, since he remained in a comatose state from the time he was brought to the hospital until his death. I have reviewed the Industrial Commission's file and am unable to find a copy of this Form 102, although the summary of records reflects that the 102 was received by the Industrial Commission. A valid claim for funeral and medical expenses, as well as other benefits, was filed by the deceased's mother, Hetta Roberts, on May 2, 1981, and remains a viable claim.

On August 25, 1983, the Commission issued an order denying its jurisdiction. Lott's personal representatives timely pro-

3. This date refers to the filing date of Hetta's November 30, 1981 letter requesting payment of the death benefit.

4. Hetta filed a *pro se* request for administrative review. The record does not disclose what became of her Mississippi counsel.

tested. No hearing was conducted, but both parties submitted legal memoranda.

On November 29, 1983, the administrative law judge issued an award for "death benefits." It found that:

(1) the September 13, 1982 award vacated the February 2, 1982 award and dismissed Hetta's December 2, 1981 "claim" only because Hetta was not personally entitled to receive the "death benefits" provided in the February 2, 1982 award;

(2) Hetta's May 2, 1981 letter requesting benefits was a claim for benefits within A.R.S. § 23–1061;

(3) the personal representatives could be substituted as the parties entitled to receive the benefits under the May 2, 1981 claim; and

(4) the final November 2, 1981 award precluded litigation of the compensability of Lott's injury.

Red Bluff was accordingly required to pay Lott's estate for medical expenses, compensation, and reasonable burial expenses up to $1,000.00, and also to pay $1,150.00 to the Special Fund. The award was affirmed on administrative review, and this special action followed.

As previously indicated both parties agree that the November 2, 1981 award became final and that the September 13, 1981 award had no effect upon it. They, however, draw differing conclusions from this common assumption. Red Bluff contends that the November 2, 1981 award determined its liability for all claims and thus precludes the present award for medical benefits, compensation, and payment to the Special Fund. The respondents contend that the November 2, 1981 award precludes litigation of compensability issues only, but does not preclude the present award imposing liability for medical benefits, compensation, and payment to the Special Fund.

Both of these contentions require an analysis of the two aspects of res judicata, that is, claim preclusion and issue preclusion.

■ We start with the proposition that claim preclusion prohibits relitigation of the same *claim*. *Matusik v. Arizona Public Service Co.*, 141 Ariz. 1, 684 P.2d 882 (App.1984); *accord Restatement (Second) of Judgments* § 17 (1982)(hereinafter *Restatement*). If the same *claim* is involved, relitigation of matters that were actually litigated or could have been litigated is precluded. *Matusik v. Arizona Public Service Co., supra; Magma Copper Co. v. Industrial Commission,* 115 Ariz. 551, 566 P.2d 699 (App.1977). Accordingly, if medical benefits, compensation, and payment to the Special Fund are part of the claim for "death benefits", the November 2, 1981 award which dealt with a claim for "death benefits" would preclude any increase of Red Bluff's liability on this "claim".

■ Red Bluff, consistent with this analysis, asserts that medical benefits, compensation, and payment to the Special Fund are "death benefits". It provides no authority for this assertion, but rather refers to what it calls Commission custom to treat these as death benefits. The record lacks any evidence concerning this custom. Moreover, regardless of custom, the assertion lacks legal support.

A.R.S. § 23–1046 defines "death benefits":

A. In case of an injury causing death, the compensation therefor shall be known as a death benefit and shall be payable in the amount, for the period, and to and for the benefit of the persons following:

1. Burial expenses, not to exceed one thousand dollars, in addition to the compensation. [2 through 4 relate to dependants' rights to receive compensation]

\* \* \* \* \* \*

5. To a parent if there is no surviving husband, wife or child under the age of eighteen years. . . .

Thus, as treated in the November 2, 1981 award, "death benefits" were limited to burial expenses. These burial expenses are payable directly to the person who paid for burial. *See* A.C.R.R. R4–13–117(B).

On the other hand, to receive death compensation benefits, the qualified party must have been dependent upon the deceased employee when he died. *E.g. Thomas v. Industrial Commission*, 87 Ariz. 238, 350 P.2d 392 (1960). If there is no dependent, the employer "shall pay the burial expenses of the deceased, as provided in this chapter, and shall pay into the state treasury one thousand one hundred fifty dollars." A.R.S. § 23–1065(A). In the same vein, medical expenses are not paid under A.R.S. § 23–1046, but rather under A.R.S. § 23–1062. The injured claimant is entitled in his own right to the reimbursement of these expenses, independent of the benefits which may accrue if death ensues. The medical expenses accrue while the deceased employee was alive and survive his death. *See Reed v. Industrial Commission*, 104 Ariz. 412, 454 P.2d 157 (1969). They are payable to the personal representative of the deceased employee's estate. *See* A.R.S. § 23–1068(B).

As can be seen, for the purposes of claim preclusion analysis, the generic term "death benefits" is of little analytical help. Rather, the "claim" depends upon who is the claimant. A claim for burial expenses is properly made by the person who paid those expenses. A claim for death compensation benefits depends upon the dependency relationship that exists between the claimant and the deceased. A claim for medical expenses depends upon the legal relationship existing between the claimant and the deceased, i.e., personal representative.

■ From this analysis, it is clear that the final November 2, 1981 award for burial expenses does not preclude a subsequent award for medical benefits and death benefit compensation, as Hetta lacked either the factual or the legal relationship with the deceased to make such a "claim". Since the payment to the Special Fund under A.R.S. § 23–1065(A) is in lieu of death compensation benefits, this claim is likewise not precluded.

■ Although Red Bluff challenged the sufficiency of the claim for benefits before the Commission, on review it has not challenged the administrative law judge's finding that the May 2, 1981 letter was a claim for benefits within A.R.S. § 23–1061. A question that could have been raised on appeal but has not, cannot be considered by this court. *See Hurst v. Hurst*, 1 Ariz. App. 227, 401 P.2d 232 (1965), rehearing 1 Ariz.App. 603, 405 P.2d 913 (1965). For purposes of this review, we therefore assume that Hetta's May 2, 1981 letter satisfies A.R.S. § 23–1061.

■ This letter was a claim for both burial expenses and for compensation due Lott's estate (medical expenses). Hetta, at that time, was legally entitled to claim funeral expenses, having paid them, but was not entitled to claim medical expenses since she lacked the necessary legal relationship (personal representative). Red Bluff has challenged the finding that substituted the personal representatives as the parties entitled to receive the medical benefits under the May 2, 1981 claim. The personal representatives are interested parties to the claim of Lott's estate for medical benefits and compensation. *Reed v. Industrial Commission*, 104 Ariz. at 414, 454 P.2d at 159. They therefore were properly joined as parties to this claim. *Id.* (Red Bluff Makes no contention on review that the substitution was untimely.)

We, therefore, hold that Hetta's claim for burial expenses, properly awarded under the November 2, 1981 award, does not preclude further claims for medical expenses or death compensation benefits, by the substituted personal representatives and the Special Fund who have the legal capacity to pursue these claims.

We turn then to the personal representatives' argument that the November 2, 1981 award does preclude Red Bluff from relitigating the issue of compensability, that is, that Lott's death arose out of and in the course of his employment by Red Bluff. This, under Restatement terminology, is referred to as issue preclusion. The general rule, as stated in Restatement is that:

When an issue of fact is actually litigated and determined by a valid final judgment, and the determination is essential to the judgment, the determination is conclusive between the parties, whether on the same or a different claim. Restatement, *supra* § 27.

It is the personal representatives' position that the November 2, 1981 award, which became a final judgment awarding burial expenses, had to have as an essential element, the underlying determination that Lott's injuries and subsequent death arose out of and in the course of his employment by Red Bluff. Since Red Bluff could have, but did not, protest that determination, it is now, under principles of issue preclusion, prohibited from relitigating this issue.

■ Since Red Bluff has not directly attacked the validity of this analysis, we agree that, as an initial matter, issue preclusion is present in this case. However, an exception to the application of issue preclusion is that if the party sought to be precluded did not have an incentive to obtain a full and fair adjudication in the initial action, preclusion will not be applied. Restatement § 28.

■ As Comment j to Restatement § 28 points out, "the amount in controversy in the first action may have been so small in relation to the amount in controversy in the second that preclusion would be plainly unfair." *See Ferris v. Hawkins*, 135 Ariz. 329, 660 P.2d 1256 (App.1983). We believe that observation to be applicable here. By the terms of the November 2, 1981 award, Red Bluff's total liability appeared to be limited to $1,000.00. However, the amount in controversy in the second action may exceed $24,000.00. At the time of the November 2, 1981 award, Red Bluff apparently was under the impression that it carried Workers Compensation insurance and was actively pursuing this possibility. We also note that the September 13, 1982 award stated that the question of whether "the deceased was in fact an employee at the time of death shall be the subject of further administrative [proceeding]."

Given all these circumstances, we conclude that issue preclusion should not bar Red Bluff from now having a full evidentiary hearing on the compensability of Lott's injury and death. Attorneys' fees and costs as requested by the respondents are denied.

For the foregoing reasons, the award is set aside.

EUBANK, P.J., and OGG, J., concur.