808 P.2d 1261

James **MEHAN**, Petitioner,

v.

The **INDUSTRIAL COMMISSION** of Arizona, Respondent,

**Crown Builders, Respondent Employer,**

**Fidelity & Casualty Co. of New York, Respondent Carrier.**

No. 1 CA–IC 90–090.

Court of Appeals of Arizona, Division 1, Department A.

April 2, 1991.

Van Baalen Law Offices by Lowell W. Finson, Phoenix, for petitioner.

Anita R. Valainis, Chief Counsel, Indus. Com'n of Ariz., Phoenix, for respondent.

Jones, Skelton & Hochuli by Calvin Harris, Phoenix, for respondents Employer and Carrier.

## OPINION

JACOBSON, Judge.

The issue presented in this review of an Industrial Commission award is whether a claimant, who had only a discretionary possibility of litigating a causal relationship in a prior proceeding, is precluded in a subsequent proceeding on reopening from seeking a determination of that relationship.

## FACTS AND PROCEDURAL HISTORY

In 1981, petitioner employee (claimant) injured his right knee at work, and the respondent carrier (Fidelity) accepted compensability. This injury eventually necessitated a below knee amputation of the right leg. The claim was initially closed in May 1983 with an unscheduled disability. An award subsequently resulted in a lump sum commutation in the amount of $12,984.49.

On April 7, 1988, claimant, through current counsel, filed a petition to reopen for a new prosthesis and related rehabilitation. Fidelity denied reopening, and claimant requested a hearing. On July 28, 1988, claimant withdrew his hearing request because Fidelity had resolved the dispute.

On March 20, 1989, claimant again petitioned to reopen. He supported this petition with a letter from one of his treating physicians, Paul M. Steingard, D.O., who recommended active care for emotional overlay related to the leg amputation. On April 5, 1989, Fidelity issued a notice of claim status denying the petition to reopen, allegedly mailing this notice to claimant at his correct mailing address. Fidelity did not attempt to serve claimant's last authorized representative.

On July 24, 1989, claimant's counsel filed an untimely hearing request, and a hearing was scheduled for December 4, 1989. Pending this hearing, Fidelity deposed claimant and questioned him about the untimely hearing request. However, Fidelity did not formally raise the affirmative defense of untimeliness.

In September 1989, another of claimant's treating physicians, Richard J. Emerson, D.O., evaluated claimant's left knee and recommended further diagnostic testing and treatment. Claimant's counsel immediately informed Fidelity of Dr. Emerson's findings and recommendations, and advised Fidelity of claimant's intention to claim benefits for the left knee condition at the December 1989 hearing. A copy of this letter was sent to the administrative law judge. On October 17, 1989, claimant's counsel filed Dr. Emerson's September 1989 report.

Fidelity scheduled additional psychiatric and orthopedic independent medical examinations. As a result of these examinations, Fidelity requested and the administrative law judge granted a subpoena for both of the independent medical examiners.

At the outset of the December 1989 hearing, Fidelity for the first time raised the affirmative defense of an untimely hearing request. The administrative law judge confined this hearing to that issue. Fidelity

represented that it had sent the denial notice only to claimant at his correct address, and claimant represented that he had never received it. The parties agreed that further testimony would be unnecessary, and the hearing was closed.

On December 5, 1989, the administrative law judge issued an award dismissing the hearing request. He concluded that, although clear and convincing evidence of nonreceipt is a valid excuse under A.R.S. § 23-947(B), nonreceipt is not excusable under subsection (C) if the notice was mailed to the correct address. Claimant did not request review, and the award accordingly became final.

Almost immediately thereafter, claimant filed a new petition to reopen. He supported this petition with the same medical reports from Drs. Steingard and Emerson concerning the emotional and left knee conditions. In addition, claimant supported reopening with an October 23, 1989 report from Dr. Emerson concerning thoracic muscle spasm and pain related to altered gait from the industrial injury.

Fidelity denied this petition as well, and claimant timely requested a hearing. At the scheduled hearing on April 16, 1990, Fidelity moved to dismiss under *Blickenstaff v. Industrial Commission*, 116 Ariz. 335, 569 P.2d 277 (App.1977). Fidelity asserted that the current petition to reopen should be dismissed because claimant had the burden of proving some new condition that could not have been litigated when the last reopening was denied, and that the medical reports submitted to support the current reopening failed to make a *prima facie* showing of any new, additional, or previously undiscovered condition. After oral argument, the administrative law judge indicated that he would issue an award granting Fidelity's motion, and closed the hearing.

On April 20, 1990, the administrative law judge issued the award. Relying principally on *Phoenix Cotton Pickery v. Industri-*

*al Commission*, 120 Ariz. 137, 584 P.2d 601 (App.1978), he precluded reopening:

As revealed by this opinion, where there is a previous finality to an earlier disposition, followed by a later reopening petition, the applicant's burden on the later petition is to show that he is afflicted with something new, additional or previously undiscovered from the time of the finality of the earlier petition rather than from the time of an earlier, final disposition date. The effect of all of this is that in relation to his December, 1989 reopening petition the applicant would be required to show that he has something new which has occurred or been discovered from the time of his earlier 1989 reopening petition. By reference to the medical evidence filed in support of the March, 1989 petition and the medical evidence filed or intended to be relied upon in relation to the December, 1989 petition the carrier alleges that it is obvious that the applicant, in the later petition, is not claiming anything which he was not claiming in March, 1989 or which he could not then have had the opportunity to prove by virtue of the earlier petition. The carrier alleges that since this result is apparent merely in the file contents there is no justification for allowing the applicant to proceed with his present reopening petition.... An examination of the file documentation appears to support the carrier's position.

On administrative review, the administrative law judge affirmed the award without modification, and claimant brought this special action.

## DISCUSSION

Claimant contends that the administrative law judge erroneously precluded reopening for the left knee condition.[1] The administrative law judge found that there is no "new condition" because claimant is now complaining of the same condition he was complaining of in March 1989. However, a threshold issue is whether the left

---

1. The briefs in this matter did not question the propriety of the administrative law judge's determination that preclusion applied to the emotional condition. At oral argument, claimant's counsel also requested relief from this portion of the award. In our opinion, the request comes too late, and we deem the issue of the viability of the emotional condition abandoned.

knee condition could have been litigated despite the dismissal of the untimely hearing request or whether its litigation is precluded under claim preclusion. Because claim preclusion prohibits litigation of issues both actually litigated and issues that could have been litigated, *see Red Bluff Mines, Inc. v. Industrial Comm'n*, 144 Ariz. 199, 203, 696 P.2d 1348, 1352 (App. 1984), we must determine whether claimant's left knee condition became so inexorably bound to the petition to reopen based upon the emotional condition that the dismissal of that claim adjudicated both conditions.

In order to determine this issue, we briefly review the process by which disputed workers' compensation claims are adjudicated. Initially, a claimant files a claim (in this case, a petition to reopen) seeking some benefit allowed by the workers' compensation act and setting forth the industrial episode responsible, the physical injury resulting, and the relief requested. The carrier processes this claim by a notice of claim status. If the claimant disagrees with the notice of claim status, a hearing ensues. *See generally* A.R.S. § 23–1061. Normally, the issues for adjudication at such a hearing are formed by these pleadings—the claim and notice of claim status.

 In the context of original claims filed by a claimant, as compared to claims on reopening, the commission has no jurisdiction to adjudicate injuries which are not included in the original claim. *Van Sickle v. Industrial Comm'n*, 121 Ariz. 115, 588 P.2d 857 (App.1978); *Sun Control Tile Co. v. Industrial Comm'n*, 117 Ariz. 268, 571 P.2d 1064 (App.1977). While we need not determine the jurisdiction of the commission to consider other injuries in the setting of a petition to reopen, it is clear that the notice of claim status issued by the carrier here did not put in issue any condition related to claimant's left knee because reopening had not been sought on that basis.

Here, the original petition to reopen was based solely upon a "new condition" consisting of an emotional overlay. The carrier's notice of claim status denying reopening put in issue whether an emotional overlay existed, whether it was causally related to the industrial injury, and whether it was truly a "new condition." Because claim preclusion is concerned with issues actually litigated or that could have been litigated, claimant's left knee condition could not be precluded as it was never placed in issue. *Fed Mart v. Industrial Comm'n*, 135 Ariz. 533, 662 P.2d 1040 (App.1982).

In any event, claim preclusion does not apply merely because the administrative law judge could have, in his discretion, allowed evidence of the knee condition to have been presented at the hearing on the petition to reopen based upon the presence of an emotional overlay. *See Fidelity & Guar. Ins. Co. v. Industrial Comm'n*, 129 Ariz. 342, 631 P.2d 124 (App.1981) (where the introduction of evidence depends upon the discretion of the administrative law judge, the failure to present such evidence does not prevent reopening based on that same evidence).

## CONCLUSION

We hold that the determination that the hearing on the petition to reopen based upon an emotional overlay was untimely does not preclude reopening based upon the left knee condition.

The award is set aside.

BROOKS, P.J., and CONTRERAS, J., concur.