NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

DANIEL LIZARRAGA, *Petitioner*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

SOUTHERN WINE & SPIRITS, *Respondent Employer*,

HARTFORD CASUALTY INSURANCE CO., *Respondent Carrier*.

No. 1 CA-IC 16-0075
FILED 10-26-2017

Special Action - Industrial Commission

ICA Claim No. 20130-510417
Carrier Claim No. 30130271581-001
Paula R. Eaton, Administrative Law Judge

**AWARD SET ASIDE**

COUNSEL

Snow, Carpio & Weekley, PLC, Phoenix
By Erica González-Meléndez
*Counsel for Petitioner Employee*

Industrial Commission of Arizona, Phoenix
By Jason M. Porter
*Counsel for Respondent*

Jardine, Baker, Hickman & Houston, PLLC, Phoenix
By Stephen M. Venezia
*Counsel for Respondents Employer and Carrier*

---

## MEMORANDUM DECISION

Judge Maurice Portley[1] delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Peter B. Swann joined.

---

**P O R T L E Y**, Judge:

**¶1**        This is a special action review of an Industrial Commission of Arizona ("ICA") award and decision upon review finding the petitioner employee's ("claimant's") back injury to be medically stationary.  One issue is presented on appeal:  whether the administrative law judge ("ALJ") legally erred by adopting Stephen Borowsky, M.D.'s opinion. Because we agree that the ALJ erred by adopting Dr. Borowsky's opinion, we set aside the award.

## JURISDICTION AND STANDARD OF REVIEW

**¶2**        This court has jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(2), 23-951(A), and Arizona Rule of Procedure for Special Actions 10.  In reviewing findings and awards of the ICA, we defer to the ALJ's factual findings, but review questions of law de novo.  *Young v. Indus. Comm'n*, 204 Ariz. 267, 270, ¶ 14, 63 P.3d 298, 301 (App. 2003).  We consider the evidence in a light most favorable to upholding the ALJ's award.  *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16, 41 P.3d 640, 643 (App. 2002).

## PROCEDURAL AND FACTUAL HISTORY

---

[1] The Honorable Maurice Portley, retired Judge of the Arizona Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3, of the Arizona Constitution.

**¶3** The claimant worked for the respondent employer, Southern Wine & Spirits ("Southern"), delivering alcoholic beverages. While lifting a case of wine, he felt a pop in his back and experienced pain and numbness in his left lower back and down his left leg. He filed a workers' compensation claim, and the respondent carrier, Hartford Casualty Insurance Company ("Hartford") denied it for benefits. Compensability was litigated, and the claim was found compensable.

**¶4** Less than two weeks later, the claim was closed with no permanent impairment based on an independent medical examination ("IME") conducted by Ronald M. Lampert, M.D. The claimant timely protested closure, and the ICA held hearings for testimony from the claimant, his treating physician, Sanjay R. Patel, M.D., and Dr. Lampert. The ALJ resolved the medical conflict in favor of Dr. Patel and awarded the claimant continuing medical benefits. He found the "[claimant's] condition is not yet medically stationary: he should be provided a short and uninterrupted course of physical therapy and trigger point injections per Dr. Patel's recommendation." Hartford allowed this award to become final on March 25, 2015. *See* A.R.S. § 23-942(D) (request for review must be filed within thirty days).

**¶5** On June 26, 2015, Hartford issued a notice of claim status ("NCS") again closing the claimant's claim by relying on a new IME by Stephen Borowsky, M.D., and finding him stationary on May 18, 2015. Hartford also issued a notice of supportive medical maintenance benefits:

> The employee is awarded three physician visits, six physical therapy visits, and three trigger point injections, over six months, under the medical management of Dr. Sanjay Patel. The award expires on 12/18/15.

The claimant timely requested a hearing. He asserted that he was not medically stationary, or in the alternative, that the supportive care award was insufficient.

**¶6** The ICA held three hearings for testimony from the claimant and Drs. Patel and Borowsky.[2] Following these hearings, the ALJ entered an award adopting Dr. Borowsky's opinion, closing the claim for active medical treatment, and awarding supportive care of "six visits of physical

---

[2] A fourth hearing was convened on February 19, 2016, but no testimony was taken.

therapy." The claimant timely requested administrative review, but the ALJ summarily affirmed the award. The claimant next brought this appeal.

## DISCUSSION

**¶7**        The claimant argues that principles of preclusion should have prevented the ALJ from adopting Dr. Borowsky's opinion and terminating his active medical benefits. Hartford does not respond to the preclusion argument. Instead, it asserts that this case involved a simple medical conflict.

**¶8**        An ICA award has res judicata effect by application of principles of issue preclusion and claim preclusion. *See Circle K Corp. v. Indus. Comm'n*, 179 Ariz. 422, 428, 880 P.2d 642, 648 (App. 1993). Issue preclusion bars relitigating an issue of fact that was actually litigated, and was essential to a final judgment. *Red Bluff Mines, Inc. v. Indus. Comm'n*, 144 Ariz. 199, 204–05, 696 P.2d 1348, 1353–54 (App. 1984). Claim preclusion bars relitigating the same claim, i.e., a claim actually decided, or that could have been decided, after a timely protest. *W. Cable v. Indus. Comm'n*, 144 Ariz. 514, 518, 698 P.2d 759, 763 (App. 1985).

**¶9**        To ascertain whether preclusion applies in this case, it is necessary to compare the issues raised and the evidence presented at the 2014 hearings before ALJ Halas and at the 2015 hearings before ALJ Eaton. In 2014, Hartford closed the claimant's claim for active medical treatment based on Dr. Lampert's IME. Dr. Lampert found that the claimant only sustained a lumbar strain and sprain in the industrial injury, and that his injury had become stationary with no permanent impairment or need for supportive care.

**¶10**        At the ICA hearings, the claimant presented testimony from his treating physician, Dr. Patel. Dr. Patel testified that he first saw the claimant on March 18, 2014, and received a history of his lifting injury at work. The claimant's primary complaints were left-sided low back pain and left lower leg pain. On examination, the doctor found "diffuse tenderness in his left lower lumbar region, some palpable spasms, a restriction with extension and rotation with range of motion, particularly on the left side . . . ." A March 26, 2014 MRI revealed preexisting degenerative changes at L3-4 and L5-S1. Dr. Patel diagnosed lumbosacral strain/sprain, non-verifiable radiculopathy, and an aggravation of preexisting degenerative disc disease. He recommended "reengaging

[claimant] in a course of physical therapy for a month or two, performing some trigger point injections . . . ."

¶11 The ALJ adopted Dr. Patel's opinion and awarded the claimant ongoing active medical treatment as recommended by Dr. Patel. Hartford did not protest this award, but instead, immediately obtained a new IME. It then reclosed the claimant's claim based on Dr. Borowsky's report. For that reason, the claimant was unable to obtain the medical treatment recommended by Dr. Patel and awarded by ALJ Halas.

¶12 The claimant protested the reclosure, and at the ICA hearings, Dr. Patel reiterated his previous opinion and treatment recommendations. He stated that the claimant was not stationary, and in the two years that the claimant had been his patient, he had been unable to complete a course of treatment for him. It was his opinion that the claimant continued to require four to six weeks of physical therapy in combination with one or two sets of trigger point injections administered during the course of physical therapy.

¶13 Dr. Borowsky testified regarding his May 19, 2015 IME. He reviewed the claimant's industrially-related medical records, including the March 2014 MRI, and diagnosed a lumbar strain/sprain overlying a degenerative spine. He stated that the claimant's condition was stationary without permanent impairment, and that there was no indication for trigger point injections. Because it appeared that physical therapy had been restarted, the doctor testified that the claimant should be allowed to finish that therapy. On cross-examination, Dr. Borowsky conceded that trigger point injections do work best when administered in conjunction with physical therapy.

¶14 After reviewing Dr. Borowsky's testimony and IME report, we find that he reviewed the same medical information and reached the same opinion as Dr. Lampert. We find guidance in this situation in the reopening case law. While reopening is not permitted for a mere change in medical opinion, *Stainless Specialty Mfg. Co. v. Indus. Comm'n*, 144 Ariz. 12, 19, 695 P.2d 261, 268 (1985), it is allowed when the evidence presented at the current proceeding is qualitatively different from the evidence presented at the prior proceeding and "could not have been presented at the first hearing." *Bayless v. Indus. Comm'n*, 179 Ariz. 434, 441, 880 P.2d 654, 661 (App. 1993).

¶15      In this case, the 2014 and 2015 ICA hearings both addressed the claimant's entitlement to continuing active medical treatment for his industrial injuries.  Dr. Patel's opinion and treatment recommendations remained the same at both sets of hearings. The opinion of Hartford's expert also remained the same although provided by different doctors. Because the claimant's entitlement to the active medical treatment recommended by Dr. Patel became final with ALJ Halas's February 23, 2015 continuing benefits award, it was subject to preclusion. For that reason, ALJ Eaton was precluded from adopting Dr. Borowsky's opinion which was not qualitatively different than Dr. Lampert's rejected opinion.

**CONCLUSION**

¶16      Because the ALJ legally erred by adopting Dr. Borowsky's opinion, we set aside the award.

