NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

ALMA LERMA AYON, *Petitioner*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent*,

HYATT CORPORATION, *Respondent Employer*,

BROADSPIRE, *Respondent Carrier*.

No. 1 CA-IC 17-0067
FILED 11-20-18

Special Action - Industrial Commission
ICA Claim.  93109311625
Carrier Claim No. 1629361001
The Honorable Robert F. Retzer, Administrative Law Judge

**AWARD AFFIRMED**

COUNSEL

Alma Lerma Ayon, Mesa
*Petitioner*

The Industrial Commission of Arizona, Phoenix
By Gaetano J. Testini
*Counsel for Respondent, ICA*

Cross & Lieberman, PA, Phoenix
By Lawrence H. Lieberman
*Counsel for Respondent Employer/Carrier*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Paul J. McMurdie and Judge Kent E. Cattani joined.

---

**C A M P B E L L**, Judge:

¶1        This is a special action review of an Industrial Commission of Arizona ("ICA") award and decision upon review denying petitioner Alma Ayon's petition to reopen her claim but awarding additional supportive care for dental work. On appeal, Ayon asks this court to reopen her claims for care beyond the dental care she was awarded. Because the evidence of record and the applicable law support the administrative law judge's ("ALJ") findings, we affirm the award.

**STANDARD OF REVIEW**

¶2        In reviewing findings and awards of the ICA, we defer to the ALJ's factual findings, but review questions of law de novo. *Young v. Indus. Comm'n*, 204 Ariz. 267, 270, ¶ 14 (App. 2003). We view the evidence in a light most favorable to upholding the ALJ's award. *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16 (App. 2002). As long as there is a reasonable basis for the findings of the ALJ, this court will not set aside the decision. *See id.*

**BACKGROUND**

¶3        Ayon worked for Hyatt Hotels as a housekeeper. On September 5, 1992, Ayon was injured at work when she was assaulted by a guest in the hotel. In performing her housekeeping duties, Ayon knocked on the guest's door to do the evening turndown service. There was no answer, so Ayon let herself into the room. Ayon's entrance startled the guest, and when Ayon bent down to place a doorstop in the door, the guest kicked her in the face at least three times and threw her into the hallway.

Ayon suffered four broken teeth from the assault.[1] Ayon's initial workers' compensation claim filed in September 1992 was approved by the insurance carrier. She received reconstructive dental work from Dr. Lebowitz—including a partial dental prosthetic plate to compensate for the missing teeth. Ayon completed her treatment with Dr. Lebowitz in December 1992. Ayon was discharged from treatment without a permanent disability and her claim was closed in June 1993. Ayon saw Dr. Lebowitz again in 2012 because she required additional restorative work: Dr. Lebowitz fabricated a new partial dental plate to replace the one he made 20 years before. Ayon was unhappy with Dr. Lebowitz's treatment and the partial dental plate he put in, claiming it gave her headaches. The restorative work was completed in 2014.

¶4　　　　　Ayon saw another doctor, Dr. Farrell, under a supportive care award to treat her joint pain and headaches. Dr. Farrell's treatment changed Ayon's jaw position, known as occlusion, which necessitated additional dental work to accommodate the change in bite. Dr. Farrell referred her to another dentist, Dr. Benting, on January 21, 2016. Dr. Benting adjusted her occlusion, constructed a new partial denture, and replaced Ayon's partial dental plate.

¶5　　　　　Ayon has filed numerous petitions to reopen her claim since her initial claim was closed in 1993. Her last petition to reopen was denied on December 21, 2015. In July 2016, Ayon filed another petition to reopen her claim. The insurance carrier denied the petition. Ayon timely requested a hearing, and the ALJ conducted formal hearings on December 15, 2016 and August 15, 2017. The ALJ limited the scope of the hearing to the reopening of dental issues because the only evidence Ayon presented in her petition—from the date of the prior final award denying the petition to reopen to the hearing—was related to her dental care.

¶6　　　　　The ALJ heard testimony from Ayon and the two dentists who treated Ayon, Dr. Benting and Dr. Lebowitz. He then entered an award denying the petition to reopen but awarding supportive care for Dr. Benting's dental treatment. Ayon requested administrative review, and the ALJ affirmed the award. Ayon timely filed this appeal.

---

[1]　　　　Ayon sustained multiple other injuries from the assault, but because her petition to reopen was limited to dental issues, we discuss only the relevant dental care she received.

**DISCUSSION**

¶7        Arizona Revised Statutes ("A.R.S.") section 23-1061(H) sets out the statutory requirements for reopening a workers' compensation claim: The claimant must establish the existence of a new, additional, or previously undiscovered condition, and a causal relationship between that condition and the earlier injury. *See* A.R.S. § 23-1061(H); *Hopkins v. Indus. Comm'n*, 176 Ariz. 173, 176 (App. 1993). The claimant bears the burden to present sufficient evidence to support a reopening. *Hopkins*, 176 Ariz. at 176. "In cases involving a first petition to reopen, the comparison points for establishing the necessary change of condition are the date the claim was closed and the date the petition to reopen was filed." *Cornelson v. Indus. Comm'n*, 199 Ariz. 269, 271, ¶ 14 (App. 2001). When the claimant has filed successive petitions to reopen, however, the comparison points for establishing a change in condition begin at the prior final decision denying the previous petition to reopen to the date the subsequent petition to reopen is filed. *Phoenix Cotton Pickery v. Indus. Comm'n*, 120 Ariz. 137, 139 (App. 1978). Here, the comparison points for the petition to reopen are changes in Ayon's condition from December 21, 2015 to July 12, 2016.

¶8        Ayon argues that the ALJ erred by limiting her reopening to dental work and asks that her claim be reopened for all her past and current medical conditions. Ayon asserts every ache and pain she has felt is a result of the assault that occurred 25 years ago, and she should continue to receive compensation for treatment relating to those aches and pains. A claimant has the burden to present sufficient evidence to support a reopening. *See Hopkins*, 176 Ariz. at 176. When the causal connection between the claimant's current condition and the prior industrial injury is not readily clear, it must be established by medical testimony. *Makinson v. Indus. Comm'n*, 134 Ariz. 246, 248 (App. 1982). With her petition to reopen, Ayon presented only an expert report from Dr. Benting regarding her dental issues. Because Ayon presented no evidence beyond that, and nothing to link Dr. Benting's dental care to her original claim, the ALJ did not err in limiting Ayon's petition to the single issue of reopening the claim for additional dental work.

¶9        Ayon also challenges the ALJ's denial to reopen her claim for dental work and the award of supportive care. Awards for supportive care "are designed to prevent or reduce the continuing symptoms of an industrial injury after the injury has become stabilized." *Capuano. v. Indus. Comm'n*, 150 Ariz. 224, 226 (App. 1986). Ayon did not establish the existence of a new, additional, or previously undiscovered condition to justify reopening her claim, as required by A.R.S. § 23-1061(H), ("A claim shall not

be reopened because of increased subjective pain if the pain is not accompanied by a change in objective physical findings."). The testimony of Dr. Lebowitz and Dr. Benting established that the dental work Ayon received from Dr. Benting arose directly out of the care she received from Dr. Farrell. Dr. Farrell's treatment was covered by the insurance carrier under a supportive care award. Based on this testimony, the ALJ awarded Ayon supportive care for the dental work Dr. Benting performed.

¶10        Dr. Benting saw Ayon a total of seven times beginning in January 2016, and he discharged her in February 2017. In January 2017, Dr. Lebowitz performed an independent medical exam ("IME") on Ayon and reviewed Dr. Farrell and Dr. Benting's findings regarding Ayon's dental problems. Dr. Lebowitz testified Dr. Benting's treatment could relate to her injury—because Dr. Farrell's treatment was related to her injury and the need for Dr. Benting's treatment arose directly from Dr. Farrell's treatment. Dr. Lebowitz further testified there was no working disability because of Dr. Farrell's and Dr. Benting's treatment. Finally, Dr. Lebowitz noted that a number of Ayon's subjective complaints were not approved by objective findings. He thus opined that Ayon's treatment should be covered under a supportive care award because while it was not from a new, additional, or previously undiscovered condition, it arose directly from Dr. Farrell's treatment, which was covered under supportive care.

¶11        Based on this evidence, the ALJ concluded that Dr. Benting's treatment beginning on January 21, 2016 and ending on February 15, 2017 should be covered under a supportive care award.[2] Dr. Benting and Dr. Lebowitz's testimony reasonably supports the ALJ's denial of reopening the matter and for an award of supportive care.

---

[2]        Had the ALJ reopened Ayon's case, Ayon would not have received expenses for most of the dental work Dr. Benting performed in the six months prior to filing. A claimant is entitled to "expenses for reasonable and necessary medical and hospital care . . . if the claim is reopened . . . and if these expenses are incurred within fifteen days of the date that the petition to reopen is filed." A.R.S. § 23-1061(H). In this case, Alma filed her petition to reopen in July 2016; she first saw Dr. Benting and began incurring expenses from his visits in January 2016. Consequently, if the ALJ had granted Ayon's petition to reopen, she would have not been entitled to compensation for Dr. Benting's treatment from January to July 2016 since it occurred more than 15 days from the date she filed her petition to reopen.

**CONCLUSION**

¶12      We affirm the award and decision upon review.

